ROGER SAUNDERS ET AL. *v.* ELLI STIGERS ET AL.
(AC 20408)

Foti, Mihalakos and O'Connell, Js.

Argued December 14, 2000—officially released March 6, 2001

*Joseph A. Kubic,* with whom, on the brief, was *James R. Winkel,* for the appellant (named defendant).

*David Eric Ross,* for the appellees (plaintiffs).

*Opinion*

FOTI, J. The defendant Elli Stigers[1] appeals from the judgment of strict foreclosure, rendered by the trial court on December 20, 1999. On appeal, the defendant claims that the court improperly (1) rendered judgment, (2) granted the plaintiffs'[2] motion to strike the defendant's third special defense, (3) admitted evidence of the amount of the debt, and (4) found adequate notice of default and acceleration of the debt. We affirm the judgment of the trial court.

The following facts are relevant to our resolution of this appeal. On March 28, 1994, the mortgage and note that are the subject of this foreclosure action were assigned to the plaintiffs. The subject property is known as 393 Timberlane Drive in Orange. On May 24, 1996,

---

[1] In addition to the defendant Elli Stigers, Fleet National Bank also was named as a defendant. Only Elli Stigers has appealed. We therefore refer in this opinion to Elli Stigers as the defendant.

[2] The plaintiffs are Roger Saunders, Stuart Kellner and Stanley Gallant.

the plaintiffs filed an action to foreclose the mortgage. They alleged that the defendant had failed to pay real estate taxes due on the property as required under the terms of the note, thereby causing the plaintiffs to declare the balance due and payable. The defendant in her answer admitted that she was the maker of the note and mortgage, and asserted three special defenses, which alleged that the plaintiffs had breached the terms of the mortgage by applying payments toward interest only, that the plaintiffs acted unreasonably in their efforts to seek repayment and that the plaintiffs modified the terms of the note by advising the defendant to stop making tax escrow payments. The defendant also filed a counterclaim alleging (1) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., (2) intentional infliction of emotional distress and (3) violations of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq.

The plaintiffs filed a motion to strike the special defenses and the counterclaim. The court concluded that the first and second special defenses were not proper because they attacked behavior of the mortgagee rather than attacking the note, and that the third special defense was without merit. The court, therefore, granted the plaintiffs' motion to strike all of the defendant's special defenses as well as the second and third counts of the defendant's counterclaim. Nevertheless, the court denied the plaintiffs' motion to strike the first count of the defendant's counterclaim.

The parties thereafter filed cross motions for summary judgment and objections thereto. The court granted the plaintiffs' motion for summary judgment as to liability only and thereafter rendered a judgment of strict foreclosure. The court denied the plaintiffs' motion for summary judgment on the defendant's counterclaim that alleged violations of the Fair Debt Collection Practices Act and the defendant's motion for

summary judgment, which was based on her claim that she had failed to receive proper notice of default and acceleration of the debt.

I

The defendant first claims that the court improperly rendered judgment while her counterclaim was pending. Specifically, she alleges that the court, without bifurcating the matter, improperly rendered a final judgment when it granted the plaintiffs' motion for a judgment of strict foreclosure while the counterclaim was pending. The defendant does not argue on appeal that there was no final judgment, but rather that the court acted improperly in rendering judgment on the complaint alone without formally bifurcating the proceeding, even though neither party moved to bifurcate.[3] In the absence of a bifurcation order, she appears to argue, the court abused its discretion by not considering the complaint and the counterclaim in the same proceeding. We do not agree.

The defendant conceded during oral argument that the sole issue in her counterclaim, brought pursuant to the Fair Debt Collection Practices Act, involved a claim for damages only and could not have affected the judgment of strict foreclosure. The court, after granting the plaintiffs' motion for summary judgment, rendered a final judgment of strict foreclosure and allowed the defendant to proceed with her counterclaim pursuant to Practice Book § 17-51.[4] Because the damages sought

---

[3] The plaintiffs' motion for summary judgment sought a judgment on the foreclosure complaint "in the event the court determines that an issue of material fact exists as to the defendant's counterclaim . . . ."

[4] Practice Book § 17-51 provides: "If it appears that the defense applies to only part of the claim, or that any part is admitted, the moving party may have final judgment forthwith for so much of the claim as the defense does not apply to, or as is admitted, on such terms as may be just; and the action may be severed and proceeded with as respects the remainder of the claim."

In its memorandum of decision, the court stated: "Therefore, it appears that there remain questions of fact that this court cannot resolve on the [plaintiffs'] motion for summary judgment. The plaintiffs' motion for summary judgment [on the counterclaim], accordingly, is denied."

on the counterclaim were not part of the debt[5] and may, as the court stated, relate to "something else that may have gone on," the court did not abuse its discretion in rendering judgment on the complaint alone.

## II

The defendant next contends that the court improperly granted the plaintiffs' motion to strike her third special defense,[6] in which she claimed that she was not in default because the plaintiffs advised her to discontinue tax escrow payments and, therefore, that the notice of default sent to her was defective pursuant to paragraph two of the mortgage. We do not agree.

"We begin by setting out the well established standard of review in an appeal from the granting of a motion to strike. Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling . . . is plenary. See *Napoletano* v. *CIGNA Healthcare of Connecticut, Inc.*, 238 Conn. 216, 232–33, 680 A.2d 127 (1996) [cert. denied, 520 U.S. 1103, 117 S. Ct. 1106, 137 L. Ed. 2d 308 (1997)]. . . . We take the facts to be those alleged in the [pleading] that has

---

[5] The defendant's pleadings did not claim a setoff.

[6] The defendant's third special defense states:

"1. Prior to the Assignment of the Mortgage to Plaintiffs from Lafayette Bank & Trust Company, Defendant, Elli Stigers, was obligated to make monthly tax escrow payments pursuant to Paragraph 2 of the Mortgage.

"2. At the time of the Assignment, Plaintiffs advised Defendant to discontinue tax escrow payments and to make payments to them of interest and principal only.

"3. Therefore, Defendant, Elli Stigers, is not in default of Paragraph 2 of the Mortgage as claimed in Plaintiffs' notice attached to Plaintiffs' Complaint as Exhibit D.

"4. Pursuant to Paragraph 19 of the Mortgage, Notice to Borrower of Default, is a condition precedent to acceleration and foreclosure of the subject Mortgage.

"5. As a result of said defective Notice, Plaintiffs have failed to satisfy the condition precedent to the pending foreclosure action and, accordingly, foreclosure in this matter is barred."

been stricken and we construe the [pleading] in the manner most favorable to sustaining its legal sufficiency. *Bohan* v. *Last*, 236 Conn. 670, 674, 674 A.2d 839 (1996); see also *Mingachos* v. *CBS, Inc.*, 196 Conn. 91, 108–109, 491 A.2d 368 (1985). . . . It is fundamental that in determining the sufficiency of a [pleading] challenged by a . . . motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . *Amodio* v. *Cunningham*, 182 Conn. 80, 83, 438 A.2d 6 (1980)." (Citations omitted; internal quotation marks omitted.) *Doe* v. *Yale University*, 252 Conn. 641, 667, 748 A.2d 834 (2000).

In granting the motion to strike the defendant's third special defense, the court noted that the "statute of frauds requires any modification to the note and mortgage to be in writing"; see General Statutes § 52-550; and that the third special defense was legally insufficient because of the express language of paragraph ten of the mortgage and paragraph seven of the note signed by the defendant. Paragraph ten of the open end mortgage states that "[a]ny forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy." Paragraph 7 (D) of the adjustable rate note states that the defendant acknowledges that "[e]ven if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time."

Our review leads us to conclude that the court properly construed the contractual provisions and found legally insufficient the defendant's third special defense, which, in essence, alleged that she was not in default because she had been excused from making tax escrow payments.[7]

---

[7] Because we conclude that the court's ruling was correct, we need not consider the plaintiffs' argument that the ruling on their motion for summary judgment provides an alternate ground on which to affirm the striking of the third special defense.

## III

The defendant claims that the court improperly admitted evidence through an affidavit as to the amount of the debt. We do not agree.

The defendant objected to the affidavit of debt filed by the plaintiffs, claiming that because of the counterclaim, the affidavit was improper and was precluded by Practice Book § 23-18 (a).[8] The court construed the language of that section to refer to a setoff or counterclaim "thereto," which specifically refers to the debt as set forth in the affidavit. Because the defendant's counterclaim is a separate claim and does not affect the mortgage debt, an affidavit of debt would be allowed. Further, the defendant never amended her answer or special defenses following the court's striking of those special defenses two and one-half years earlier. At the hearing to establish the debt, the defendant appeared to make no effort to challenge the debt figure. Counsel for the defendant, having previously received debt documentation, responded when asked by the court about an agreement on the debt amount: "Your Honor, I have no documentation to refute the numbers [the plaintiffs are] going to provide to the court." The defendant's statement that she could not refute or otherwise challenge the affidavit of debt allowed the court to act as it did in accepting the affidavit of debt to determine the correctness of the amount stated therein.

## IV

The defendant finally claims that the plaintiffs failed to provide proper notice of default and acceleration

---

[8] Practice Book § 23-18 (a) provides: "In any action to foreclose a mortgage where no defense as to the amount of the mortgage debt is interposed, such debt may be proved by presenting to the judicial authority the original note and mortgage, together with the affidavit of the plaintiff or other person familiar with the indebtedness, stating what amount, including interest to the date of the hearing, is due, and that there is no setoff or counterclaim thereto."

of the debt, and, therefore, that the court improperly granted, in part, the plaintiffs' motion for summary judgment. We do not agree.

Our standard of review of a court's decision to grant a motion for summary judgment is well established. "Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . *Miller* v. *United Technologies Corp.*, 233 Conn. 732, 744–45, 660 A.2d 810 (1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Tarzia* v. *Great Atlantic & Pacific Tea Co.*, 52 Conn. App. 136, 145, 727 A.2d 219 (1999), appeal dismissed, 254 Conn. 786, 759 A.2d 502 (2000).

"On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Avon Meadow Condominium Assn., Inc.* v. *Bank of Boston Connecticut*, 50 Conn. App. 688, 693, 719 A.2d 66, cert. denied, 247 Conn. 946, 723 A.2d 320 (1998). Because the court rendered judgment for the plaintiffs as a matter of law, "our review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Gateway Co.* v. *DiNoia*, 232 Conn. 223, 229, 654 A.2d 342 (1995). "On appeal, however, the burden is on the opposing party to demonstrate that the trial court's decision to grant the movant's summary judgment motion was clearly erroneous." *2830 Whitney Avenue Corp.* v. *Heritage*

*Canal Development Associates, Inc.,* 33 Conn. App. 563, 567, 636 A.2d 1377 (1994).

Although the defendant admits receipt of the notice of default letter dated March 26, 1996, she claims that the notice can be characterized as deficient for two reasons.[9] First, she claims that it failed to identify all of the options available to her to cure the default and, second, that it failed to indicate that failure to cure the default could result in the foreclosure or sale of the property.

We agree with the court's conclusion that the default letter issued by the plaintiffs complies with the relevant notice provision of the mortgage. Paragraph nineteen of the mortgage provides the terms of the notice necessary to accelerate payments following the default. It states in relevant part: "The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and foreclosure or sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in court the non-existence of a default or any other defense of Borrower to acceleration and foreclosure or sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke any of the remedies permitted by applicable law."

---

[9] A third reason argued by the defendant before the court is not argued by the defendant on appeal. The defendant claimed at trial that the notice was deficient because it erroneously claimed a default under paragraph two of the mortgage.

"Notices of default and acceleration are controlled by the mortgage documents. Construction of a mortgage deed is governed by the same rules of interpretation that apply to written instruments or contracts generally, and to deeds particularly. The primary rule of construction is to ascertain the intention of the parties. This is done not only from the face of the instrument, but also from the situation of the parties and the nature and object of their transactions." (Internal quotation marks omitted.) *Citicorp Mortgage, Inc.* v. *Porto*, 41 Conn. App. 598, 602, 677 A.2d 10 (1996).

The notice explicitly indicates that the defendant could cure the default by, inter alia, immediately paying "all outstanding tax arrearages due . . . and [by bringing] the taxes current." That language satisfies the requirements of paragraph nineteen of the mortgage. It is obviously, as the court noted, "the only remedy available to the defendant which would immediately reinstate the note."

Although the default notice did not specifically use the words "foreclosure" or "sale of property," the court concluded, and we agree, that it is apparent from the language of the notice that the defendant was notified of the possibilities of foreclosure as required by the mortgage. The notice, in addition to stating that "further enforcement proceeding[s] may be instituted," also indicated that the plaintiffs retained all defenses regarding acceleration "in any judicial foreclosure of the mortgage."

Because the default notice that was sent to the defendant, at the least, substantially complied with the requirements of paragraph nineteen of the mortgage, there was no genuine issue of material fact, and summary judgment in the plaintiffs' favor was warranted as a matter of law.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.