[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ON MOTION TO STRIKE
 FACTS
The plaintiff, David Mattei, filed a revised complaint on February 19, 1999, against the defendants, Pat C. Rubano, Lawrence Amendola, the City of New Haven (City) and Atlas Fence, Incorporated (Atlas Fence), alleging negligence, products liability, loss of consortium and indemnity. Mattei's complaint alleges that on August 2, 1997, the plaintiff suffered leg injuries and other losses, on field No. 4 at the East Shore Athletic Club, which was owned and operated by the City. Mattei alleges that he was a member of a softball team in an official softball association and was attempting to catch a fly ball when his right foot slid into the gap between the bottom rail of a fence and ground located in field No. 4. Mattei alleges that Rubano, Amendola and the City failed to supervise the design and construction of softball field No. 4, and they failed to make reasonable inspection of the fence. Mattei further alleges that Atlas Fence sold the fence to the City in a defective condition and is, therefore, liable to the plaintiff for his injuries pursuant to General Statutes § 52-572m.[1]
On March 4, 1999, Atlas Fence filed an answer and special defenses to Mattei's revised complaint. On March 8, 1999, Rubano, Amendola and the City filed an answer and special defenses to Mattei's revised complaint. On April 20, 1999, Mattei filed a reply to Atlas Fence's special defenses and filed a reply to Rubano, Amendola and the City's special defenses. On May 30, 2000, Rubano, Amendola and the City filed a request to amend their special defenses, whereby they included a fourth special defense, the doctrine of waiver. On June 6, 2000, Mattei filed a motion to strike, with supporting memorandum, the fourth special defense. On October 6, 2000, Rubano, Amendola and the City filed an objection and supporting memorandum to Mattei's motion to strike.
 DISCUSSION
"Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." PamelaB. v. Ment, 244 Conn. 296, 325, 709 A.2d 1089 (1998). "We take the facts to be those alleged in the [pleading] . . . and we construe the [pleading] in the maimer most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Saunders v. Stigers,62 Conn. App. 138, 142-43, ___ A.2d ___ (2001). "It is fundamental that in determining the sufficiency of a [pleading] challenged by a . . . motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) Id., 143. CT Page 8114
Mattei argues that the fourth special defense alleges an unenforceable waiver and, therefore, should be stricken. Specifically, Mattei argues that such prospective waivers of the defendants' negligence are contrary to Connecticut public policy and are unenforceable under Connecticut law. Rubano, Amendola and the City argue that the motion to strike should be denied. Specifically, they argue that the waiver and release of liability signed by an adult plaintiff may be pleaded as a special defense because it is enforceable and it is not against public policy.
The principle that agreements contrary to public policy are void should be applied with caution and only in cases plainly within the reasons on which that doctrine rests . . . (Citation omitted; internal quotation marks omitted.) Howroyd v. Clifford, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 565331 (August 6, 1997,Sullivan, J.) (20 Conn.L.Rptr. 214, 215). "It is noted that two public policies may be herein appropriate. Where statutes and ordinances involve the protection of human life, and conceivably human health, waiver may be inappropriate and legally ineffective." Id.; see Benoit v. ConnecticutTrails Council of Girl Scouts, Inc., Superior Court, judicial district of Waterbury, Docket No. 83152 (November 22, 1989, Kulawiz, J.) (1 Conn.L.Rptr. 47, 48) (strong public policy disfavoring negligence liability disclaimers and public interest in maintaining safe conditions in public school buildings for benefit of both students and general public). "Second, the law does not favor waivers executed by minors or adults on behalf of minors." Howroyd v. Clifford, supra, 20 Conn.L.Rptr. 215; seeFedor v. Mauwshu Council, 21 Conn. Sup. 38, 39-40, 143 A.2d 466 (1958) (demurrer of plaintiff to special defense sustained because relationship entered upon involved status requiring of one party greater responsibility than that of ordinary person and one party had to either accept what is offered or be deprived of relation).
In the present case it is alleged that Rubano, Amendola and the City acted negligently in supervising a softball field and in inspecting and repairing a fence. Mattei alleges that the softball field should have been constructed with the 275 feet minimum prescribed distance and that the fence should have been inspected. Rubano, Amendola and the City deny such allegations. In addition, Rubano, Amendola and the City allege as a special defense that Mattei signed a waiver, release of liability and indemnification agreement.[2]
"It is general policy that parties may not stipulate for protection against liability for negligence in the performance of a duty imposed by law or where public interest requires performance." (Internal quotation marks omitted.) Lombardo v. Maguire Group, Inc., Superior Court, judicial district of Middlesex at Middletown, Docket No. 077767 (June 6, 1997,Arena, J.). "It is generally recognized that agreements exempting CT Page 8115 [private] owners and [private] operations of sports facilities from liability for negligence entered into with patrons of the facility are valid and enforceable against a patron." Bashura v. Strategy Plus, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 050871 (November 20, 1997, Corradino, J.) (21 Conn.L.Rptr. 59, 61); see also Salvatore v. 5 D's, Inc., Superior Court, judicial district of Waterbury, Docket No. 153131 (February 20, 2001, Doherty, J.). The Connecticut "Supreme Court [however,] has not yet ruled upon whether or not a waiver of negligence claims, by an adult participant in an athletic event, can be enforced." Connors v. Reel Ice, Inc., Superior Court, judicial district of Hartford, Docket No. 579993 (July 24, 2000, Wagner,J.) (27 Conn.L.Rptr. 610, 611).
This is not a case involving the violation of statutes or ordinances protecting human life, or human health, nor is this a case involving a minor or an adult acting on behalf of a minor. Thus, "the public policy reasons allegedly prohibiting waiver of liability are not sufficiently clear to bar the special defense of waiver of liability." Vimini v.Information Display Technology, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 340470 (October 31, 1997,Skolnick, J.) (20 Conn.L.Rptr. 552, 553). In addition, Mattei has not cited any appellate authority that has held that a waiver of negligence claims by an adult participant in an athletic event is unlawful and unenforceable as to municipal defendants.
This is not a case involving the violation of a clear public policy, a minor, an adult acting for a minor, or a school. Like the court inHowroyd v. Clifford, supra, 20 Conn.L.Rptr. 215, this court cannot determine on the basis of the facts pleaded that the "release waiver" is necessarily and prima facie contrary to public policy, therefore, this case does not warrant a finding that the enforcement of the waiver would be against public policy, moreover, Connecticut authority does not hold otherwise. The plaintiff has failed to establish that the fourth special defense is not legally sufficient. The motion to strike the fourth special defense is denied.
By the Court,
 ___________________________ KEVIN E. BOOTH JUDGE OF THE SUPERIOR COURT