## PATRIOT NATIONAL BANK v. STEVEN P. BRAVERMAN (AC 33434)

DiPentima, C. J., and Lavine and Beach, Js.

Argued January 4—officially released March 20, 2012

*Lorey Rives Leddy,* with whom, on the brief, were *Brendan J. O'Rourke* and *Zara K. Morgan,* for the appellant (named defendant).

*Scott M. Harrington,* for the appellee (substitute plaintiff).

*Opinion*

LAVINE, J. The defendant Steven P. Braverman appeals from the judgment of the trial court denying his motion to reopen a judgment of foreclosure by sale rendered in favor of the substitute plaintiff, Pinpat Acquisition Corporation.[1] On appeal, the defendant claims that his motion to reopen challenging the amount of the mortgage debt required the court to hold a hearing to test the accuracy of an affidavit it relied on to calculate the debt in the judgment of foreclosure by sale. We conclude that, although the court denied the motion to reopen, the defendant received the relief he requested and is not aggrieved; see Practice Book § 61-1; and we dismiss the appeal.

The following facts and procedural history are relevant to this appeal. On January 13, 2009, Patriot National Bank (Patriot) commenced an action against the defendant, seeking to foreclose a second and third mortgage on the subject property located at 1038 Lake Avenue in Greenwich. On September 8, 2009, the trial court granted Patriot's motion for summary judgment as to liability on the first count of Patriot's amended complaint.[2] Patriot then assigned its interest in the note and mortgage to the plaintiff. On October 5, 2010, the plaintiff filed a motion for judgment of strict foreclosure.[3] It also filed a preliminary statement of monetary

---

[1] Patriot National Bank (Patriot) was the original plaintiff in this action but assigned its interest to Pinpat Acquisition Corporation, which was substituted as the plaintiff. Patriot eventually was impleaded as a defendant by virtue of its interest in a mortgage on the subject property that is junior to the subject mortgage. See footnote 3 of this opinion. Patriot is not a party to this appeal. We therefore refer to Pinpat Acquisition Corporation as the plaintiff and to Braverman as the defendant.

[2] The plaintiff withdrew the remaining counts, which sought foreclosure of the third mortgage on the subject property.

[3] Patriot initially had filed a motion for judgment of strict foreclosure on October 27, 2009, and the court rendered a judgment of foreclosure by sale

claim and an affidavit of Martin Noble (affidavit of debt), an executive vice president of the plaintiff, both of which set forth the amount of the mortgage debt.

On October 18, 2010, the court held a hearing on the plaintiff's motion for judgment of strict foreclosure. The defendant objected to the inclusion of $46,123.83 in the affidavit of debt for forced place insurance[4] but explained to the court that the parties had agreed to reserve that issue for a later time. The defendant then stipulated to the calculation of the mortgage debt listed in the affidavit of debt minus the forced place insurance: $1,067,871.75. The court found the mortgage debt to be $1,067,871.75 and rendered judgment of foreclosure by sale, setting the sale date for March 26, 2011. The order, however, contained a scrivener's error as to the amount of the mortgage debt. Rather than stating that the debt was $1,*067*,871.75, the order stated that the debt was $1,*670*,871.75.

On March 14, 2011, the court set a new sale date for May 14, 2011, and ordered that any additional motions to modify, vacate or open the judgment be filed by April 12, 2011. On April 12, 2011, the defendant filed a motion to reopen and set aside the judgment on the grounds that (1) the amount of the mortgage debt listed in the judgment of foreclosure by sale order contained a scrivener's error and (2) the affidavit of debt, which the court relied on, overstated by $1140.35 the mortgage debt as a result of improperly calculating the interest.

on November 30, 2009. On July 6, 2010, however, the court opened the judgment of foreclosure by sale following a motion for advice filed by the committee because Patriot, which held the third mortgage, was not a defendant. Thereafter, the plaintiff filed a motion to cite in Patriot as a defendant to foreclose on the third mortgage, which motion the court granted, and the plaintiff filed an amended complaint.

[4] "Forced-place insurance takes the place of homeowner's insurance if a mortgagor abandons or if the bank forecloses on a mortgaged residence." *Key Pacific Mortgage, Inc.* v. *Industrial Indemnity Co. of Alaska*, 845 P.2d 1087, 1088 n.1 (Alaska 1993).

On April 18, 2011, the court held a hearing on the defendant's motion to reopen. The court and the plaintiff acknowledged the scrivener's or clerical error, and the court corrected it.[5] Regarding the interest calculation, the plaintiff argued that the defendant had waived his right to contest the manner in which the interest was calculated by stipulating to the amount of the mortgage debt at the hearing on October 18, 2010. The plaintiff also explained that the difference of $1140.35 between the affidavit of debt and the defendant's calculation was due to the fact that the plaintiff had calculated the interest using a 360 day year pursuant to General Statutes § 37-1, whereas the defendant had used a 365 day year. After the court stated that it might request briefs on that issue, the plaintiff agreed to reduce the mortgage debt by $1140.35, the amount the defendant challenged, if the court denied the defendant's motion to reopen. The court denied the defendant's motion and, in accordance with the plaintiff's concession, reduced the mortgage debt by $1140.35 to $1,066,731.40.

On appeal, the defendant claims that, pursuant to Practice Book § 23-18 (a),[6] his motion to reopen challenging the accuracy of the mortgage debt prohibited the court from relying on the affidavit of debt without conducting a hearing wherein the defendant "would

---

[5] "[M]ere clerical errors may be corrected at any time . . . . A clerical error does not challenge the court's ability to reach the conclusion that it did reach, but involves the failure to preserve or correctly represent in the record the actual decision of the court. . . . In other words, it is clerical error if the judgment as recorded fails to agree with the judgment in fact rendered . . . ." (Internal quotation marks omitted.) *Milazzo* v. *Schwartz*, 88 Conn. App. 592, 596, 871 A.2d 1040 (2005).

[6] Practice Book § 23-18 (a) provides: "In any action to foreclose a mortgage where no defense as to the amount of the mortgage debt is interposed, such debt may be proved by presenting to the judicial authority the original note and mortgage, together with the affidavit of the plaintiff or other person familiar with the indebtedness, stating what amount, including interest to the date of the hearing, is due, and that there is no setoff or counterclaim thereto."

have had an opportunity to cross-examine witnesses as to the accuracy and credibility of the entire affidavit."

"A threshold inquiry of this court upon every appeal presented to it is the question of appellate jurisdiction. . . . A requisite element of appealability is that the party claiming error in the decision of the trial court be aggrieved . . . ." (Citations omitted; internal quotation marks omitted.) *Scarsdale National Bank & Trust Co.* v. *Schmitz*, 24 Conn. App. 230, 232, 587 A.2d 164 (1991).

The court reduced the amount of the mortgage debt by the exact amount challenged by the defendant in his motion to reopen.[7] See *Burritt Mutual Savings Bank of New Britain* v. *Tucker*, 183 Conn. 369, 382 n.5, 439 A.2d 396 (1981) ("[t]here would be no need for a proceeding to ascertain the amount of the debt if the plaintiff were to accept the amount admitted by the defendant"). Therefore, although the court did not grant the defendant's motion to reopen and set aside the judgment, the defendant in effect received the relief he requested and has not demonstrated that he has been aggrieved by the court's decision. See *Scarsdale National Bank & Trust Co.* v. *Schmitz*, supra, 24 Conn. App. 233 ("[a] party cannot be aggrieved by a decision that grants the very relief sought"); see also *Seymour* v. *Seymour*, 262 Conn. 107, 110–12, 809 A.2d 1114 (2002). Having already been given the relief he wanted, there is no further relief this court can grant him.

The appeal is dismissed and the case is remanded for the purpose of setting a new sale date.

In this opinion the other judges concurred.

---

[7] The defendant also did not request in the trial court the hearing to which he now claims he is entitled. "This court will not review issues of law that are raised for the first time on appeal. . . . We have repeatedly held that this court will not consider claimed errors on the part of the trial court unless it appears on the record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim." (Internal quotation marks omitted.) *Weihing* v. *Dodsworth*, 100 Conn. App. 29, 34 n.4, 917 A.2d 53 (2007); see also Practice Book § 60-5.