******************************************

    The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

    All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

    The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

BANK OF AMERICA, N.A., TRUSTEE *v.*
STEVEN CHAINANI ET AL.
(AC 38252)

Keller, Mullins and Harper, Js.

*Syllabus*

Pursuant to the rule of practice (§ 23-18 [a]), "[i]n any action to foreclose
a mortgage where no defense as to the amount of the mortgage debt
is interposed, such debt may be proved by presenting to the judicial
authority the original note and mortgage, together with the affidavit of
the plaintiff or other person familiar with the indebtedness . . . ."
The plaintiff sought to foreclose a mortgage on certain of the defendant's
real property after the defendant had defaulted on a promissory note.
In the defendant's answer, he denied the debt was in default and averred
insufficient knowledge to admit or deny the alleged amount of the debt
and left the plaintiff to its proof. At trial, pursuant to § 23-18 (a), the
plaintiff submitted two affidavits of debt to establish the amount of the
debt owed. The defendant objected that § 23-18 (a) did not apply because
he had put forth a defense implicating the amount of the debt. The trial
court considered one of the affidavits to establish the amount of the
debt, determined the debt to be $3,268,499.34, and rendered a judgment
of strict foreclosure, from which the defendant appealed to this court.
On appeal, the defendant claimed that the trial court erred in admitting
the affidavit of debt into evidence under § 23-18 (a) because he disputed
the amount of the debt via his answer that contained responses that
were sufficient to bar the affidavit's admission, and thus the affidavit
was inadmissible hearsay evidence that deprived the defendant of his
right to cross-examine witnesses on the amount of the debt. *Held*:
1. Contrary to the parties' claims that the abuse of discretion standard of
review applied to this case, this court clarified that in claims involving
an affidavit of debt admitted under § 23-18 (a), the appropriate standard
is plenary review; the defendant's claim that the trial court erred in
determining that § 23-18 (a) applied is properly characterized as chal-
lenging the trial court's determination that an exception to the general
prohibition of hearsay applies, and whether an exception to the hearsay
rule applies is a question of law over which this court's review is plenary.
2. The trial court did not err in admitting the affidavit into evidence and
determining that § 23-18 (a) applied, as the defendant never raised any
defense to the amount of the debt sufficient to prohibit the admission
of affidavits of debt under that rule of practice; a defense challenging
the amount of a debt must be actively made, and the defense must be
squarely focused on the amount of the debt rather than other ancillary
matters, such as whether the loan is in default, and the defendant's
proffered challenges here that he had insufficient knowledge to admit
or deny the amount of the debt and that the debt was not in default
did not amount to defenses as to the amount of the debt.

Argued January 11—officially released July 11, 2017

*Procedural History*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Hon. A. William Mottolese, judge
trial referee.)

Action to foreclose a mortgage on certain real prop-
erty owned by the named defendant, brought to the
Superior Court in the judicial district of Stamford-Nor-
walk, where the defendants JP Morgan Chase Bank,
N.A., et al., were defaulted for failure to appear; there-
after, the defendant Webster Bank was defaulted for
failure to plead; subsequently, the court, *Hon. A. Wil-
liam Mottolese*, judge trial referee, granted the plaintiff's

motion for a judgment of strict foreclosure and rendered judgment thereon, from which the named defendant appealed to this court. *Affirmed.*

*Roy W. Moss,* for the appellant (named defendant).

*Stephen I. Hansen,* for the appellee (plaintiff).

*Opinion*

HARPER, J. In this appeal from a judgment of strict foreclosure after a trial, the defendant, Steven Chainani,[1] challenges the applicability of Practice Book § 23-18 (a),[2] under which the plaintiff, Bank of America, N.A.,[3] was permitted to establish the amount of the debt at issue via an affidavit of debt, rather than through the presentation of live testimony from witnesses. The defendant's arguments implicate two affidavits that were admitted at separate hearings; however, his claims attack only the use of these affidavits to the extent they were used to establish the amount of the debt, for which the court used only the second affidavit.[4] The relevant affidavit was admitted at a hearing to determine the form of the judgment and was used to determine the amount of the debt pursuant to § 23-18 (a). The defendant argues that the trial court erred because § 23-18 (a) was not applicable to this case. He asserts that this was not harmless error because the affidavit was the only evidence offered to establish the amount of the debt. For the reasons that follow, we conclude that the affidavit was admitted properly under § 23-18 (a) and, accordingly, we affirm the judgment of the trial court.

The following procedural history and facts are relevant to our consideration. On July 6, 2007, the defendant executed a promissory note in favor of the Bank of New Canaan in exchange for a loan in the amount of $2,316,000, which was secured by a mortgage on the defendant's real property located at 215 Springwater Lane in the town of New Canaan. Thereafter, on July 13, 2007, the Bank of New Canaan assigned the note to Thornburg Mortgage Home Loans, Inc. (Thornburg), and it was recorded on April 9, 2009. Thornburg, in turn, assigned the note to the plaintiff, as trustee,[5] on February 9, 2011, and it was recorded on February 17, 2011. By virtue of the latter assignment, the plaintiff is now the holder of the note and mortgage. The defendant defaulted on the note, and the plaintiff elected to declare the unpaid balance under the note to be due in full and to foreclose the mortgage securing the note.

On March 5, 2012, the plaintiff commenced this action to foreclose by service of process on the defendant. The defendant filed an answer and special defense. The answer denied that the debt was in default and averred insufficient knowledge to admit or deny the alleged amount of the debt and left the plaintiff to its proof.[6] Prior to trial, a joint trial management report was submitted by the parties in which they stated the sole factual and legal issue in dispute was "[w]hether or not [the] [p]laintiff . . . has standing to commence this foreclosure action." The matter was tried to the court on December 17, 2014.

Although we will not consider the defendant's arguments concerning the first affidavit as previously noted;

see footnote 4 of this opinion; it is necessary at this point to provide some background on the first affidavit because the defendant's objection to the second affidavit incorporated his arguments as to the first affidavit. At trial, pursuant to Practice Book § 23-18 (a), the plaintiff offered the first affidavit, signed by the plaintiff's vice president, Michelle Simon (Simon affidavit), along with the original note and mortgage.[7] The court admitted the Simon affidavit into evidence over the defendant's objection that § 23-18 (a) did not apply because he had put forth a defense implicating the amount of the debt. At the conclusion of this proceeding, the court reserved judgment in order to consider motions made during trial.[8]

After concluding that the plaintiff had standing to foreclose, the court held a hearing on May 27, 2015, to determine the amount of the debt and the form of the judgment to be rendered. In advance of that hearing, the plaintiff submitted the second affidavit of debt executed by one of the plaintiff's agents, KaJay Williams (Williams affidavit), in support of the plaintiff's motion for strict foreclosure. The plaintiff sought to use the Williams affidavit to establish, pursuant to Practice Book § 23-18 (a), that the updated debt, taking into account additional costs, fees, and interest accrued since the Simon affidavit was submitted, was now $3,268,499.34. When the plaintiff offered the Williams affidavit at the hearing, the defendant objected to its admission, stating that his objection was the same as it was to the Simon affidavit, namely, that § 23-18 (a) did not apply because he had put forth a defense implicating the amount of the debt. The defendant did not inform the court of any new legal arguments, evidence, or witnesses that he anticipated presenting to dispute the amount of the debt contained in the Williams affidavit. The trial court overruled the objection on the ground that the Williams affidavit, like the Simon affidavit, was admissible under § 23-18 (a). Thereafter, on July 8, 2015, the court found in favor of the plaintiff, determined the debt to be $3,268,499.34, and rendered a judgment of strict foreclosure. This appeal followed.

The defendant argues that the trial court erred in admitting the Williams affidavit under Practice Book § 23-18 (a) because he had disputed the amount of the debt. He argues that his answer contained responses to the allegations of the plaintiff's complaint that were sufficient to bar admission of the affidavits under § 23-18 (a). Because § 23-18 (a) did not apply, he argued that the affidavit was inadmissible hearsay and its admission deprived the defendant of his right to cross-examine the witness on this issue. The plaintiff counters that nothing in the defendant's answer to the complaint was sufficient to render § 23-18 (a) inapplicable.

The parties have asserted that the abuse of discretion standard of review applies in this case.[9] After carefully

reviewing the limited appellate decisions involving Practice Book § 23-18 (a), we cannot agree. There is ambiguity in the case law involving § 23-18 (a) claims, with many decisions not articulating or clearly applying a standard of review.[10] Some decisions apply, as the parties in the present case urge, the abuse of discretion standard.[11] One notable outlier applies the clearly erroneous standard.[12] Therefore, we take this opportunity to clarify the appropriate standard of review to be applied in claims involving an affidavit of debt admitted under § 23-18 (a). As will be explained herein, "[t]he scope of our appellate review depends upon the proper characterization of the rulings made by the trial court." (Internal quotation marks omitted.) *Meyers* v. *Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.*, 311 Conn. 282, 290, 87 A.3d 534 (2014).

In this appeal, the proper characterization of the trial court's ruling is clarified by examining the nature of an affidavit of debt and the function of Practice Book § 23-18 (a) in foreclosures. Without question, an affidavit of debt is hearsay evidence because it is an out-of-court statement, by an absent witness, that is offered to prove the truth of the amount of the debt averred in the affidavit. See *Midland Funding, LLC* v. *Mitchell-James*, 163 Conn. App. 648, 655, 137 A.3d 1 (2016) ("Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. . . . Unless subject to an exception, hearsay is inadmissible." [Citation omitted.]); *National City Mortgage Co.* v. *Stoecker*, 92 Conn. App. 787, 798–99, 888 A.2d 95 (2006) (when § 23-18 [a] does not apply, proffered affidavit of debt is subject to hearsay rules). As is relevant here, the purpose of § 23-18 (a) is to serve as an exception to the general prohibition of hearsay evidence when appropriate circumstances arise, namely, that the amount of the debt is not in dispute. *National City Mortgage Co.* v. *Stoecker*, supra, 798–99. Therefore, the defendant's claim that the trial court erred in determining that § 23-18 (a) applies is most properly characterized as challenging the trial court's determination that an exception to the general prohibition of hearsay applies to the affidavit of debt.

"A trial court's decision to admit evidence, *if premised on a correct view of the law* . . . calls for the abuse of discretion standard of review. . . . In other words, only after a trial court has made the *legal determination* that a particular statement . . . is subject to a hearsay exception, is it [then] vested with the discretion to admit or to bar the evidence based upon relevancy, prejudice, or other legally appropriate grounds related to the rule of evidence under which admission is being sought." (Citations omitted; emphasis altered; internal quotation marks omitted.) *Midland Funding, LLC* v. *Mitchell-James*, supra, 163 Conn. App. 653.[13] Therefore, a trial court's legal determination of whether Practice Book § 23-18 (a) applies is a question of law

over which our review is plenary.[14] See *Weaver* v. *McKnight*, 313 Conn. 393, 426, 97 A.3d 920 (2014) (whether hearsay exception applies is legal question demanding plenary review).

The defendant argues that Practice Book § 23-18 (a) does not apply here because he challenged the amount of the debt claimed by the plaintiff. He identifies his answer to the complaint as sufficiently denying the amount of the debt to render § 23-18 (a) inapplicable. Specifically, he asserts that this was achieved by denying that the debt was in default and claiming insufficient knowledge to admit or deny the amount of the debt. He argues that the trial court should have understood these responses to be a challenge to the amount of the debt such that § 23-18 (a) would not apply. The plaintiff rejects these claims and argues that the defendant failed to articulate a defense to the amount of the debt prior to trial.[15]

Practice Book § 23-18 (a) provides that in any foreclosure action "where no defense as to the amount of the mortgage debt is interposed," the amount of the debt may be proved by submission of an affidavit executed by an affiant familiar with the details of the debt. "A defense is that which is offered and alleged by a party proceeded against in an action or suit, as a reason in law or fact why the plaintiff should not recover or establish what he seeks. . . . In a mortgage foreclosure action, a defense to the amount of the debt must be based on some articulated legal reason or fact." (Citation omitted; internal quotation marks omitted.) *Connecticut National Bank* v. *N. E. Owen II, Inc.*, 22 Conn. App. 468, 472–73, 578 A.2d 655 (1990). The case law is clear that a defense challenging the amount of the debt must be actively made in order to prevent the application of § 23-18 (a). "[A] mere claim of insufficient knowledge as to the correctness of the amount stated in the affidavit of debt is not a defense for purposes of [§ 23-18 (a)]." Id., 473.

It is axiomatic that such a defense may be raised by pleading a special defense attacking the amount of the debt claimed, but it may also be raised by objection, supported with evidence and arguments challenging the amount of the debt, upon the attempted introduction of the affidavit in court. See, e.g., *Suffield Bank* v. *Berman*, 25 Conn. App. 369, 372–74, 594 A.2d 493 (challenge to amount of debt, unlike defense to liability, need not be disclosed prior to judgment hearing), cert. dismissed, 220 Conn. 913, 597 A.2d 339, cert. denied, 220 Conn. 914, 597 A.2d 340 (1991). A defense, however raised, must be squarely focused on the amount of the debt rather than other matters that are ancillary to the amount of the debt, such as whether the loan is in default, which is a matter of liability, or challenges that attack the credibility of the affiant or defects in the execution of the affidavit itself. See *Wells Fargo Bank*,

*N.A.* v. *Strong*, 149 Conn. App. 384, 403–405, 89 A.3d 392 (challenge to affiant's credentials and qualifications are not challenges to amount of debt), cert. denied, 312 Conn. 923, 94 A.3d 1202 (2014); *Busconi* v. *Dighello*, 39 Conn. App. 753, 771–72, 668 A.2d 716 (1995) (defense to liability does not implicate the amount of the debt), cert. denied, 236 Conn. 903, 670 A.2d 321 (1996). Similarly, where a counterclaim is made by a defendant in a mortgage foreclosure action, that counterclaim does not affect the applicability of Practice Book § 23-18 (a) unless it actually challenges in some manner the amount of the debt alleged by the plaintiff. See *Saunders* v. *Stigers*, 62 Conn. App. 138, 144, 773 A.2d 971 (2001) (counterclaim under Fair Debt Collection Practices Act was separate claim and not defense to amount of debt).

The pleadings that the defendant characterizes as challenges to the amount of the debt simply are not defenses to the amount of the debt. Regarding his claim of insufficient knowledge to admit or deny the amount of the debt, the case law is clear that this is not a defense to the debt sufficient to bar application of Practice Book § 23-18 (a). *Connecticut National Bank* v. *N. E. Owen II, Inc.*, supra, 22 Conn. App. 473. Turning to the defendant's denial that the debt was in default, this is similarly not a defense that negates the applicability of § 23-18 (a). To deny that the debt is in default is a defense that goes to liability, not the amount of the debt, because whether a debt is owed—liability—is a separate matter from whether the amount that is claimed to be owed is accurate. See *Busconi* v. *Dighello*, supra, 39 Conn. App. 771–72 (defense to liability for debt is not defense to amount).

Additionally, on both occasions when the trial court admitted an affidavit of debt over the defendant's objection, he failed to make further argument or explanation that would have supported a challenge to the debt. The defendant could have responded to the court's questions regarding his objections by informing the court that he had new legal arguments, evidence, or witnesses to present that would support his contention that the debt figure averred to in the affidavit was inaccurate. The defendant, however, made no such attempt.

It is clear that the defendant never raised any defense to the amount of the debt sufficient to prohibit the admission of affidavits of debt under Practice Book § 23-18 (a). Accordingly, we conclude that the trial court did not err in its legal determination that § 23-18 (a) applies in this case.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The complaint also named as defendants JP Morgan Chase Bank, N.A., Levco Tech, Inc., Webster Bank, and Patriot National Bank. Each of these defendants was alleged to hold a subsequent encumbrance on the subject property. Of these defendants, only Webster Bank filed an appearance. None of these additional defendants are participating in the appeal, and all references to the defendant are references to Steven Chainani.

[2] Practice Book § 23-18 (a) provides that "[i]n any action to foreclose a mortgage where no defense as to the amount of the mortgage debt is interposed, such debt may be proved by presenting to the judicial authority the original note and mortgage, together with the affidavit of the plaintiff or other person familiar with the indebtedness, stating what amount, including interest to the date of the hearing, is due, and that there is no setoff or counterclaim thereto."

[3] The plaintiff in this action is the successor to LaSalle Bank N.A., and is acting as trustee on behalf of the holders of the "Thornburg Mortgage Securities Trust 2007-4 Mortgage Home Loan Pass-Through Certificates, Series 2007-4."

[4] Because the court used only the second affidavit to establish the amount of the debt, we need not consider the defendant's claims regarding the first affidavit. We note that the same legal analysis applies to both affidavits under Practice Book § 23-18 (a) and that were we to consider the defendant's arguments concerning the first affidavit, we would nevertheless reach the same conclusion, for the same reasons, as we do regarding the second affidavit.

[5] See footnote 3 of this opinion.

[6] The defendant also raised a special defense, which is not at issue in this appeal. The defendant's special defense was that "[the] [p]laintiff failed to comply with preacceleration and preforeclosure notice requirements set forth in the alleged mortgage."

[7] The Simon affidavit averred a debt totaling $3,070,761.34.

[8] The defendant made an oral motion to dismiss the case, and the court provided the defendant with three weeks to file a brief in support of the motion. After the defendant failed to file the brief, the motion was denied on March 19, 2015.

[9] The defendant's brief recites both the plenary and abuse of discretion standards, however, he applies only the abuse of discretion standard in his analysis. The plaintiff's brief acknowledges the defendant's reference to the plenary review standard and states that such standard is not applicable to claims involving Practice Book § 23-18 (a) affidavits. This dispute reveals the necessity for this court to clarify the appropriate standard of review to be applied.

[10] The following cases do not clearly state or apply a particular standard of review in analyzing claims involving Practice Book § 23-18 (a): *Burritt Mutual Savings Bank of New Britain* v. *Tucker*, 183 Conn. 369, 374–75, 439 A.2d 396 (1981) (§ 23-18 [a] inapplicable where defaulted defendant objected to proffered affidavit on ground that amounts claimed were inaccurate and offered his own testimony regarding calculation of debt); *Saunders* v. *Stigers*, 62 Conn. App. 138, 144, 773 A.2d 971 (2001) (counterclaim under Fair Debt Collection Practices Act was separate claim and not defense to amount of debt such that § 23-18 [a] was inapplicable); *Busconi* v. *Dighello*, 39 Conn. App. 753, 771–72, 668 A.2d 716 (1995) (defense to liability for debt is not defense to amount of debt and is insufficient to render § 23-18 [a] inapplicable), cert. denied, 236 Conn. 903, 670 A.2d 321 (1996); *Suffield Bank* v. *Berman*, 25 Conn. App. 369, 372–74, 594 A.2d 493 (challenge to amount of debt need not be disclosed prior to judgment hearing but defense to liability must be disclosed; defense to liability insufficient to prevent application of § 23-18 [a]), cert. dismissed, 220 Conn. 913, 597 A.2d 339, cert. denied, 220 Conn. 914, 597 A.2d 340 (1991); *Connecticut National Bank* v. *N. E. Owen II, Inc.*, 22 Conn. App. 468, 473, 578 A.2d 655 (1990) (claim of insufficient knowledge to admit or deny amount of debt is not defense to amount sufficient to render § 23-18 [a] inapplicable). Additionally, this court's decision in *Patriot National Bank* v. *Braverman*, 134 Conn. App. 327, 38 A.3d 267 (2012), did not state the applicable standard of review, but *Patriot National Bank* perhaps is distinguishable from the others in this list on the fact that, although the court mentioned the issue, it ultimately did not analyze or decide the issue because it determined the defendant was not aggrieved. See id., 331–32.

[11] The following cases apply the abuse of discretion standard in analyzing claims involving Practice Book § 23-18 (a): *Wells Fargo Bank, N.A.* v. *Strong*, 149 Conn. App. 384, 403–405, 89 A.3d 392 (unsupported challenge to affiant's credentials and qualifications to aver amount of debt and challenge to veracity of affiant's signature are not challenges to amount of debt such that § 23-18 [a] is inapplicable), cert. denied, 312 Conn. 923, 94 A.3d 1202 (2014); *GMAC Mortgage, LLC* v. *Ford*, 144 Conn. App. 165, 186–87, 73 A.3d 742 (2013) (objection to affidavit of debt seeking to cross-examine affiant does not state challenge to amount of debt sufficient to defeat applicability of

§ 23-18 [a]); *National City Mortgage Co.* v. *Stoecker*, 92 Conn. App. 787, 797–99, 888 A.2d 95 (defendant made sufficient challenge to amount of debt to prohibit application of § 23-18 [a] where multiple objections to proffered affidavit of debt sought to cross-examine representative of plaintiff specifically to ascertain what taxes and assessments plaintiff claimed to incur, including when they were paid, by whom, and why), cert. denied, 277 Conn. 925, 895 A.2d 799 (2006); *Webster Bank* v. *Flanagan*, 51 Conn. App. 733, 736–37 and 748–50, 725 A.2d 975 (1999) (affidavit of debt not admissible under § 23-18 [a] may nevertheless be admissible under business record exception to hearsay rule). Additionally, the court in *TD Banknorth, N.A.* v. *White Water Mountain Resorts of Connecticut, Inc.*, 133 Conn. App. 536, 540 n.6, 37 A.3d 766 (2012), did not reach the issue involving § 23-18 (a) because the claim was not properly raised, but the court described the matter as an evidentiary ruling and presumably, therefore, would have applied the abuse of discretion standard.

[12] In *Bank of America, FSB* v. *Franco*, 57 Conn. App. 688, 694–95, 751 A.2d 394 (2000), the defendant, claiming plenary review, argued that there was not sufficient evidence in the record to support the court's findings regarding the amount of debt because the only evidence of the amount had been an affidavit of debt that the defendant claimed was improperly admitted under Practice Book § 23-18 (a). The court characterized this claim as one regarding the adequacy of the evidence in record and employed the clearly erroneous standard of review.

[13] We note there are situations where a claim that involves Practice Book § 23-18 (a) could require the application of the clearly erroneous standard of review. See footnote 12 of this opinion. The present appeal does not present such a case.

[14] Once the initial legal determination that Practice Book § 23-18 (a) applies is made, the trial court is then faced with the discretionary decision of whether to admit or bar the affidavit based on an appropriate legal ground, such as an apparent defect in the affiant's source of knowledge or a defect in the execution of the affidavit that renders it unreliable. *Midland Funding, LLC* v. *Mitchell-James*, supra, 163 Conn. App. 655–56; see also, e.g., *Webster Bank* v. *Flanagan*, 51 Conn. App. 733, 748–49, 725 A.2d 975 (1999) (discussing fact affidavit is witnessed by notary public is one characteristic suggesting reliability). The defendant has not raised any challenges to the discretionary aspect of the trial court's decision to admit the affidavit under § 23-18 (a).

[15] The plaintiff seems to argue that any challenge to the amount of the debt that was not raised prior to trial is not cognizable for the purposes of determining the applicability of Practice Book § 23-18 (a). This position is not supported by the case law. The case law is clear that "defenses relating to the mathematical calculation of the debt need not be disclosed but defenses that go to the issue of the defendant's liability for the debt must be disclosed." *Suffield Bank* v. *Berman*, supra, 25 Conn. App. 374; see also *Burritt Mutual Savings Bank of New Britain* v. *Tucker*, 183 Conn. 369, 374–75, 439 A.2d 396 (1981) (objection to admission of affidavit sufficient where defendant disputed amounts averred regarding principal of loan and charges for interest, taxes, and late payment penalties); *Patriot National Bank* v. *Braverman*, 134 Conn. App. 327, 331–32, 38 A.3d 267 (2012) (motion to open judgment challenging amount of debt was sufficient to impact applicability of § 23-18 [a] and plaintiff consented to reduction of debt by amount claimed by defendant); *Busconi* v. *Dighello*, 39 Conn. App. 753, 771–72, 668 A.2d 716 (1995) (challenges to amount of debt sufficient for § 23-18 [a] may be raised through presentation of evidence or arguments), cert. denied, 236 Conn. 903, 670 A.2d 321 (1996). Moreover, even where a defendant has been defaulted for failure to disclose a defense, that defendant has not waived the opportunity to contest the amount of the debt and the plaintiff is not relieved of the obligation to prove its claimed debt. *TD Banknorth, N.A.* v. *White Water Mountain Resorts of Connecticut, Inc.*, 133 Conn. App. 536, 545–46, 37 A.3d 766 (2012); see id., 546 ("the effect of a default [for failure to disclose defenses] is to preclude the defendant from making any further defense in the case so far as *liability* is concerned" [emphasis added]).