JAMES OTWELL *v.* BRUCE BULDUC ET AL.
(AC 22845)

Mihalakos, Dranginis and West, Js.

Submitted on briefs October 31, 2002—officially released May 20, 2003

*Neil Johnson* filed a brief for the appellant (plaintiff).

*David J. Scully* filed a brief for the appellees (defendants).

*Opinion*

PER CURIAM. In this personal injury action, the plaintiff, James Otwell, appeals from the judgment of the trial court, rendered after a jury trial, in favor of the defendants, Bruce Bulduc and William Bulduc. On appeal, the plaintiff argues that the court (1) improperly granted the defendants' motion in limine to exclude certain evidence concerning Bruce Bulduc's prior criminal history and (2) improperly denied the plaintiff's motion for a default. We affirm the judgment of the trial court.

In his complaint, the plaintiff alleged that on January 17, 1998, he was a passenger in a motor vehicle that was traveling in the northbound lane on Interstate 95 in Milford. He further alleged that at the same place and time, Bruce Bulduc was operating a motor vehicle owned by William Bulduc. The plaintiff claimed that Bruce Bulduc negligently operated his vehicle in several different respects so as to suddenly and without warning collide into the rear of the plaintiff's vehicle, thereby causing the plaintiff to suffer physical injuries and financial detriment.

On February 19, 2002, the plaintiff filed a motion for a default, alleging that Bruce Bulduc had failed to answer interrogatories. The plaintiff set forth as the basis for the motion his claim that Bruce Bulduc falsely had answered an interrogatory submitted to him concerning statements that he made concerning the alleged accident. The plaintiff represented that despite Bruce Bulduc's answer that he had not made any such statements, Bruce Bulduc had revealed during a deposition that he had made a statement, by means of a telephone conversation after the incident, to his insurance company. The court sustained the defendants' objection to the plaintiff's motion.

On February 20, 2002, the defendants filed a motion in limine seeking to preclude the plaintiff from introducing evidence of the prior criminal record, or any inquiry related thereto, of Bruce Bulduc. The plaintiff argued that the criminal record bore on the issue of credibility. Additionally, the plaintiff argued that he wanted to introduce the criminal record as evidence of Bruce Bulduc's prior inconsistent statements. In that regard, the plaintiff pointed out that during the deposition, Bruce Bulduc did not accurately recall his criminal record. The court overruled the plaintiff's objection to the motion, thereby precluding the challenged evidence. Following

an evidentiary hearing, a jury returned a verdict in the defendants' favor, and the plaintiff appealed.

We first address the plaintiff's challenge to the court's denial of his motion for a default judgment in which he alleged that Bruce Bulduc had failed to answer fairly the interrogatories submitted to him.

We review the court's denial of the plaintiff's motion for default under an abuse of discretion standard. We afford great weight to the court's ruling and indulge every reasonable presumption that the court reasonably concluded as it did. *Dubreuil* v. *Witt*, 65 Conn. App. 35, 38–39, 781 A.2d 503 (2001).

The court afforded both parties an opportunity to address the plaintiff's motion. The court examined Bruce Bulduc's deposition testimony as well as the plaintiff's interrogatory. The court did not find that Bruce Bulduc had failed to answer fairly the interrogatory submitted to him. In so ruling, it noted that Bruce Bulduc's deposition testimony was "not very elucidating" and that it was "somewhat confused." Additionally, the court observed that the questioning over what Bruce Bulduc had told his insurance company occurred four years after the fact. On the basis of the record before us, and affording the court's ruling every reasonable presumption of correctness, we cannot conclude that the ruling resulted from an abuse of discretion.

We next address the plaintiff's challenge to the court's granting of the motion in limine. "Our standard of review regarding challenges to a trial court's evidentiary rulings is that these rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice. . . . In reviewing claims that the court abused its discretion, every reasonable presumption should be made in favor of upholding the court's ruling." (Citation omitted; internal quotation marks omitted.)

*Kalas* v. *Cook*, 70 Conn. App. 477, 485–86, 800 A.2d 553 (2002).

The court disallowed the evidence for several reasons. It found (1) that despite its slight probative value in assessing Bruce Bulduc's character, evidence related to the prior criminal convictions would distract the jury's attention detrimentally from the unrelated issue before it concerning liability in a motor vehicle accident, (2) that the deposition testimony did not constitute a prior inconsistent statement and (3) that permitting the plaintiff to inquire about any perceived inaccuracies in the deposition testimony would amount to a "[backdoor] examination regarding conviction of crimes."

Despite the evidentiary rule permitting the admission of prior criminal convictions to attack a witness' credibility, such evidence is not always admissible. As with all evidentiary matters, the court possesses the authority to exclude such evidence where its prejudicial effect outweighs its probative value. See *State* v. *Morgan*, 70 Conn. App. 255, 271–72, 797 A.2d 616, cert. denied, 261 Conn. 919, 806 A.2d 1056 (2002).

The rule permitting the introduction of prior inconsistent statements made by a witness is an exception to the rule against hearsay. "The admissibility of a prior inconsistent statement depends on the satisfaction of the following four requirements: (1) the statement must be in writing, (2) the statement must be signed by the declarant, (3) the declarant must possess personal knowledge of the facts contained therein, and (4) the declarant must testify at trial and be subject to cross-examination. Conn. Code Evid. § 8-5 (1); *State* v. *Whelan*, 200 Conn. 743, 753, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 598 (1986)." *State* v. *Rodriguez*, 68 Conn. App. 303, 312, 791 A.2d 621, cert. denied, 260 Conn. 920, 797 A.2d 518 (2002).

In the present case, the court properly exercised its discretion in precluding the proffered evidence of Bruce Bolduc's prior criminal convictions. Having heard the plaintiff's proffer, the court found that the introduction of such evidence would have distracted the jury from the issues in this case and, therefore, that the probative value of the proffered evidence would have been outweighed by its prejudicial impact on the jury. Insofar as the plaintiff sought to impeach Bruce Bolduc with proof of such convictions, the court expressly found, contrary to the plaintiff's claim, that Bruce Bolduc had not misrepresented his criminal record during his deposition testimony. In any event, the plaintiff could not introduce the testimony elicited during the deposition under the rule for admitting prior inconsistent statements. Because the court precluded the plaintiff's inquiry into the prior criminal convictions, Bruce Bolduc did not testify at trial concerning such convictions and, consequently, did not testify in a manner inconsistent with his deposition testimony.

The judgment is affirmed.