PAUL V. CERTO, JR., ET AL. *v.* JAMES
FINK ET AL.
(AC 33955)

Gruendel, Lavine and Espinosa, Js.

Submitted on briefs October 12, 2012—officially released February 19, 2013

*James Fink*, pro se, the appellant (named defendant), filed a brief.

*Derek V. Oatis* filed a brief for the appellees (plaintiffs).

*Opinion*

ESPINOSA, J. The self-represented defendant James Fink[1] appeals from the judgment of the trial court rendered in favor of the plaintiffs, Paul V. Certo, Jr., and

---

[1] In their amended complaint to the civil action underlying this appeal, the plaintiffs also named Books Across America, LLC, and New England Book Company, LLC, as defendants in this action. They are not parties to this appeal. In this opinion, we refer to Fink as the defendant and to all of the defendants collectively as the defendants, and individually by name where appropriate.

Carmen J. Barry, in connection with the underlying civil action in which the plaintiffs sought monetary damages and injunctive relief from the defendants. The defendant claims that the trial court improperly (1) awarded more relief to the plaintiffs than was demanded in their amended complaint; (2) relied on the plaintiffs' estimate of damages, in lieu of other evidence presented that would have provided a more accurate calculation of damages, to determine the plaintiffs' damages award; (3) prevented the defendant from submitting certain evidence that could have reduced the amount of damages claimed and (4) denied the defendant's motion for the entry of a nonsuit against the plaintiffs during the hearing in damages. The defendant also challenges the court's judgment on the ground that he received ineffective assistance from his trial counsel. We dismiss the defendant's appeal insofar as it relates to any claims raised by the defendant on behalf of Book Drives, Inc. (Book Drives), and we affirm the judgment of the trial court with regard to the remainder of the appeal.

The following facts as found by the court and procedural history are relevant to our resolution of this appeal. The plaintiffs and the defendant each owned a membership interest in a charitable organization, Books Across America, LLC (Books Across America). Two thirds of Books Across America's profits was used as income for the organization. The defendant was the managing member of Books Across America. On September 14, 2006, the defendant physically locked Certo out of the building in which Books Across America is located and prohibited his further involvement with Books Across America. In early December, 2006, the defendant did the same to Barry. The defendant refused to pay any profits to the plaintiffs. The defendant filed articles of dissolution for Books Across America even though no action had been taken legally to dissolve or to wind up the affairs of the organization. The defendant

paid his personal expenses with funds from Books Across America's bank account and assets, and he illegally used the assets to benefit himself and his family. He diverted Books Across America funds and assets to his wife. He diverted assets of Books Across America to New England Book Company, LLC (New England Book), and, later, fraudulently conveyed assets of Books Across America and New England Book to Book Drives, another business for which the defendant is the managing officer.

The plaintiffs commenced the underlying action in January, 2007. On November 1, 2007, the plaintiffs filed a motion to compel and for sanctions pursuant to Practice Book § 13-14 for the defendant's failure to comply with requests for production of documents and failure to respond to certain questions during his deposition. The plaintiff asked for sanctions and an entry of default as part of their requested relief. The court, *Elgo, J.*, granted the plaintiffs' motion and ordered the defendant to cooperate fully in his deposition and with all requests for production, noting that failure to comply with the order would, upon motion, result in default. On December 12, 2007, the plaintiffs filed the operative amended complaint alleging, inter alia, that the defendant (1) breached his fiduciary duty to the plaintiffs, (2) committed common-law conversion, (3) acted egregiously, wilfully, intentionally and/or with reckless disregard for the rights of the plaintiffs, (4) breached an implied contract with the plaintiffs, (5) unjustly enriched himself and (6) fraudulently conveyed assets in violation of General Statutes § 52-552a et seq. On December 17, 2007, the plaintiffs filed a motion for default against the defendants, for nonsuit of the defendants' counterclaim, and for sanctions due to the defendant's repeated failure to produce the documents requested at his deposition. The court, *Graham, J.*, granted the plaintiffs' motion on January 11, 2008.

By virtue of the default against the defendants, the court, *Hon. Richard M. Rittenband*, judge trial referee, deemed all of the allegations of the amended complaint admitted and proven. The court concluded, again by virtue of the defendants' default, that the plaintiffs met their obligation of proving the defendants' liability for all counts of the amended complaint. A hearing in damages was held on June 2, 3, 8, 9 and 10, 2011. The court, with the agreement of the parties, allowed the parties to complete compliance with discovery during the hearing; thereafter, the defendant still failed to comply fully with discovery. On the basis of the evidence presented at the hearing in damages, the court also concluded that the plaintiffs had satisfied their burden of proving their damages.

The court rendered judgment in favor of the plaintiffs, ordering the defendants to pay for the plaintiffs' respective shares of the profits of Books Across America.[2] The court also set aside and declared null and void, as to the plaintiffs, (1) Books Across America's conveyance of its rights, title and interest in its assets to New England Book, (2) the defendant's conveyance of assets of Books Across America to New England Book and his wife and (3) the defendant's transfer of any moneys and assets from Books Across America and New England Book to Book Drives. In addition, the court issued two temporary and permanent injunctions: one that required the defendants to send all sums, net expenses, generated by the operations of Books Across America and New England Book to the plaintiffs, and another that required Book Drives to turn over any of its profits to the plaintiffs. The court also ordered the creation of constructive and/or resulting trusts in favor

[2] The court found that Certo was entitled to $108,935, by virtue of his 40 percent interest in Books Across America, and that Barry was entitled to $58,467, by virtue of her 20 percent interest in Books Across America.

of the plaintiffs on all proceeds and profits of the defendants and on all accounts and assets of Book Drives. The defendant filed the present appeal on October 19, 2011. Additional facts will be set forth as necessary.

## I

The defendant first claims that the court awarded more relief to the plaintiffs than was demanded in their amended complaint. The defendant argues that, because the plaintiffs never moved to add Book Drives as a party defendant to the case or amended their complaint to include relief involving Book Drives, the court abused it discretion by ordering an injunction against Book Drives requiring it to turn over its profits to the plaintiffs and by awarding the assets of Book Drives to the plaintiffs.[3] Specifically, the defendant claims that the court's orders violated Book Drives' fourteenth amendment due process rights because it was an unrelated, unrepresented nonparty that was not involved in this case. We dismiss the defendant's first claim.

"[A] party must have standing to assert a claim in order for the court to have subject matter jurisdiction over the claim." *Webster Bank* v. *Zak*, 259 Conn. 766, 774, 792 A.2d 66 (2002). "Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved. . . . Aggrievement, in essence, is appellate standing. . . . In the appellate context, [a]ggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected. . . . We traditionally have applied the following two part test to determine whether

---

[3] In addition to the order that Book Drives turn over any profits to the plaintiffs, the court ordered the creation of constructive and/or resulting trusts in favor of the plaintiffs on all accounts and assets of Book Drives. We interpret the defendant's reference to the court's award of Book Drives' assets to the plaintiffs as challenging the court's order regarding the constructive and/or resulting trust on Book Drives' assets.

aggrievement exists: (1) does the allegedly aggrieved party have a specific, personal and legal interest in the subject matter of a decision; and (2) has this interest been specially and injuriously affected by the decision." (Citations omitted; internal quotation marks omitted.) *Nanni* v. *Dino Corp.*, 117 Conn. App. 61, 70, 978 A.2d 531 (2009). "[T]he court has a duty to dismiss, even on its own initiative, any appeal that it lacks jurisdiction to hear." (Internal quotation marks omitted.) *Webster Bank* v. *Zak*, supra, 774.

The defendant contends that the court's orders violated Book Drives' due process rights because it was an unrelated, unrepresented nonparty that was not involved in this case. The plaintiffs argue that, because Book Drives was an unrelated, unrepresented nonparty and the defendant challenges the court's orders solely on the basis that they adversely affected the interests of Book Drives, the defendant has failed to establish that he has standing to bring his first claim. We agree with the plaintiffs.

The defendant readily and repeatedly contends that Book Drives is an unrelated, uninvolved nonparty to this case. The defendant explicitly states that he does not own Book Drives. In this first claim, the defendant seeks for this court to reverse the trial court's rulings regarding Book Drives and to grant additional relief to Book Drives on the basis of events not contained in the record that he claims have transpired since the court's rulings. The defendant argues that the due process rights of *Book Drives* were violated by the court's orders. The defendant claims no specific personal or legal interest in the subject matter of the court's orders; rather, the defendant specifically disclaims any association or involvement with Book Drives, yet he seeks to appeal on its behalf. Because the defendant has not shown that he is authorized by statute to appeal on Book Drives' behalf or that he is classically aggrieved by

the court's orders regarding Book Drives, the defendant has no standing.[4] Accordingly, we dismiss the appeal as it relates to the defendant's first claim.

## II

Next, the defendant claims that the court improperly relied on the plaintiffs' estimate of damages, in lieu of other evidence presented that would have provided a more accurate calculation of damages, to determine the plaintiffs' damages award. Specifically, the defendant claims that it was clearly erroneous for the court to rely on the plaintiffs' estimate when evidence submitted by the defendant and the plaintiffs' testimony demonstrated that the plaintiffs had in their possession records that would have produced a more accurate calculation of damages.[5] We are not persuaded.

The following additional facts as found by the court are relevant to this claim. The court found that the plaintiffs were honest and credible in their testimony and in their involvement with Books Across America.

---

[4] In addition to the standing issue, we observe that the defendant's first claim is improper because he is not an attorney and, therefore, may not raise claims on behalf of an entity or individual other than himself. "Any person who is not an attorney is prohibited from practicing law, except that any person may practice law, or plead in any court of this state in his own cause. General Statutes § 51-88 (d) (2). The authorization to appear pro se is limited to representing one's own cause, and does not permit individuals to appear pro se in a representative capacity. In Connecticut, a corporation may not appear pro se. . . . A corporation may not appear by an officer of the corporation who is not an attorney." (Internal quotation marks omitted.) *Expressway Associates II* v. *Friendly Ice Cream Corp.*, 34 Conn. App. 543, 546, 642 A.2d 62, cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994).

[5] In connection with his second claim, the defendant summarily asserts that the plaintiffs' estimate was based on hearsay evidence and, therefore, should not have been admitted. This argument appears for the first time in the defendant's reply brief. "[C]laims . . . are unreviewable when raised for the first time in a reply brief." (Internal quotation marks omitted.) *Mangiafico* v. *State Board of Education*, 138 Conn. App. 677, 680 n.4, 53 A.3d 1066 (2012). Accordingly, we decline to review this aspect of the defendant's claim.

The court found the defendant "totally lacking in credibility." The court stated: "During his examination, even on direct examination, he was contradictory and evasive. . . . His evasiveness [was] further based upon his failure to comply with discovery. . . . His refusal to comply with discovery showed a pattern of delay, defiance of court orders including of this court for the discovery that he was supposed to produce by June 6, 2011. It was also a pattern of obfuscation. Not only did he not provide a tax return for 2006 but [also], although he came up with his version of damages etc., he never produced a credible profit and loss statement for 2006. . . . He produced no correspondence or agreements as to which books belonged to [Books Across America] and which books belonged to [New England Book], and he never produced the documents from Webster Bank for [New England Book] even on June 6, 2011."

The court found that the plaintiffs' estimates of damages "were informed estimates" based on their observations of the warehouse containing the books prior to being locked out. The court refused to "reward the defendants for defiance of court orders in not providing the documents" and found that "[i]t is the defendants' failure to provide discovery that has left the plaintiffs no choice but to make informed estimates."

"[T]he trial court has broad discretion in determining damages. . . . The determination of damages involves a question of fact that will not be overturned unless it is clearly erroneous. . . . [W]hether the decision of the trial court is clearly erroneous . . . involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence

or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. . . . In a case tried before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony. . . . On appeal, we will give the evidence the most favorable reasonable construction in support of the verdict to which it is entitled. . . . A factual finding may be rejected by this court only if it is clearly erroneous. . . . A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Centimark Corp.* v. *Village Manor Associates Ltd. Partnership*, 113 Conn. App. 509, 527–28, 967 A.2d 550, cert. denied, 292 Conn. 907, 973 A.2d 103 (2009). "In deciding whether damages properly have been awarded . . . we are guided by the well established principle that such damages must be proved with reasonable certainty." (Internal quotation marks omitted.) *Gianetti* v. *Norwalk Hospital*, 304 Conn. 754, 780, 43 A.3d 567 (2012).

On the basis of our thorough review of the record, we conclude that the court did not err in determining the plaintiffs' damages award. The plaintiffs' estimate of damages provided a sufficient basis for the court to calculate damages with reasonable certainty, as it consisted of the plaintiffs' informed estimates based on their observations of the warehouse containing the books before they were locked out. The defendant argues that the court should have relied on other evidence, in lieu of the plaintiffs' estimate, as the basis for the damages award. The court, however, as the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony, was entitled to give more weight to the plaintiffs' estimate than other documents

in evidence on the basis of its evaluation of the credibility of the witnesses and their testimony. The court found the plaintiffs to be honest and credible in their testimony, while finding the defendant to be totally lacking in credibility. Moreover, the court found that the plaintiffs were forced to make informed estimates regarding damages due to the defendant's own failure to provide discovery. The court's damages determination was not clearly erroneous because there is evidence to support the court's findings and we are not left with the definite and firm conviction that a mistake has been committed.

## III

Next, the defendant claims that the court improperly prevented him from submitting evidence that could have reduced the amount of damages claimed by the plaintiffs. Specifically, the defendant claims that the court abused its discretion and violated his right under Practice Book § 17-40[6] by not allowing him to introduce, at the hearing in damages, certain evidence that he had failed to provide in discovery.[7] We disagree.

The following additional undisputed facts are relevant to this claim. On June 8, 2011, during the hearing in damages, the court stated that "any documents from New England Book or Book Drives . . . are not to be admitted because [the defendant] admits those [were] not turned over [during discovery]." The court also stated: "[I]t's my opinion, based upon what I've heard, that all of the Books Across America [records] may not have been turned over . . . ."

---

[6] Practice Book § 17-40 provides: "The defendant may, without notice, offer evidence to reduce the amount of damages claimed."

[7] As part of his third claim, the defendant also argues that the court's action violated the due process rights of Book Drives. For the same reasons discussed in part I of this opinion, we dismiss the defendant's appeal as it relates to any claim on behalf of Book Drives in connection with his third claim.

Practice Book § 13-14 provides in relevant part: "(a) If any party has failed to . . . respond to requests for production . . . or has failed otherwise substantially to comply with any other discovery order made pursuant to Sections 13-6 through 13-11, the judicial authority may, on motion, make such order as the ends of justice may require.

"(b) Such orders may include . . . [t]he entry of an order prohibiting the party who has failed to comply from introducing designated matters in evidence . . . ."

Preliminarily, we disagree with the defendant's characterization of the court's order as an evidentiary ruling, and we decline to review it as such. The court did not exclude the evidence at issue under our rules of evidence, but, rather, as a sanction resulting from the defendant's repeated failure to comply with discovery. The propriety of this sanction is not challenged on appeal. Insofar as the defendant claims that Practice Book § 17-40 should have, effectively, trumped the sanction by the court, there is absolutely no merit to the claim.

IV

The defendant claims that the court improperly denied his motion for the entry of a nonsuit against the plaintiffs during the hearing in damages. We disagree.

The following additional undisputed facts are relevant to this claim. On June 10, 2011, during the hearing in damages, the defendant moved for the entry of a nonsuit of the plaintiffs' case, which was based on the reasons set forth in his motion for order regarding discovery, namely, the plaintiffs' alleged failure to comply with the court's order requiring the parties to comply with any outstanding discovery from 2007. Specifically, the motion stated that the plaintiffs failed to produce

financial records that were to be provided following the defendants' 2006 deposition of Certo. The plaintiffs' counsel represented that the records were produced about a month after the deposition.

The court denied the defendant's motion for entry of nonsuit, stating: "[The plaintiffs' counsel] has said that he sent [the requested material] by letter . . . . [S]o, I have no reason to doubt that he sent it. . . . [A]side from that . . . your motion is not timely. I'm not buying the argument that you had to get this from your client on the witness stand approximately two hours before the end of the trial. This is something that you could've requested by production. . . . [T]his deposition when [Certo] . . . said he would supply these documents was August, 23, 2007. That's almost four years ago. And as you are well aware . . . you could have moved for discovery in 2008, 2009, 2010, and you never did that.

\* \* \*

"[T]he motion for discovery at this point, being untimely and secondly I'm taking the word of the plaintiffs' counsel as an officer of the court that he sent it; that he sent this material to counsel for the defendant. I have no reason to dispute that. The fact that defense counsel doesn't recollect it doesn't mean it didn't happen. We're talking about four years. And so for those two reasons the motion for discovery is denied. There is no motion, although maybe it's in this, moving for an entry of nonsuit . . . and all of that. Everything requested in this motion . . . is denied."

"We review the court's denial of the [defendant's] motion for [nonsuit] under an abuse of discretion standard. We afford great weight to the court's ruling and indulge every reasonable presumption that the court reasonably concluded as it did." *Otwell* v. *Bulduc*, 76 Conn. App. 775, 777, 821 A.2d 793 (2003).

The court denied the defendant's motion based on untimeliness and its finding that the plaintiffs' counsel did, in fact, comply with the request by providing the requested records. The defendant argues that this was an abuse of discretion because the order to comply with discovery was made only days prior to the motion and because there was no evidence that the documents were ever sent to the defendant. Contrary to the defendant's assertion, the court specifically credited, in support of its decision, the statement of the plaintiffs' counsel that the records were provided after the deposition. Further, the court noted that the motion was not timely when the defendant had three years prior to its motion to seek the material through discovery. On the basis of the record before us, and affording the court's ruling every reasonable presumption in favor of correctness, we conclude that the court did not abuse its discretion in denying the defendant's motion for entry of nonsuit.

V

Lastly, the defendant challenges the court's judgment on the ground of ineffective assistance of his trial counsel. Specifically, the defendant claims that his trial counsel failed (1) to inform him of the default against him, (2) to plead his case properly, (3) to submit documentation to the plaintiffs' counsel during discovery and (4) to file a reply brief following the hearing in damages. The defendant's claim suffers from a myriad of defects and must fail.

"Ordinarily, the right to effective assistance of counsel is a right accorded to defendants in criminal cases, as opposed to civil cases." *In re Alexander V.*, 25 Conn. App. 741, 748 n.8, 596 A.2d 934 (1991), aff'd, 223 Conn. 557, 613 A.2d 780 (1992). Because the defendant has failed to identify an exception to the general rule that there is no right to effective assistance of counsel in

civil proceedings and because the record is wholly inadequate for purposes of our review; see *State* v. *Charles*, 56 Conn. App. 722, 729, 745 A.2d 842 ("[a]bsent the evidentiary hearing available in [a] collateral action, review in this court of the ineffective assistance claim is at best difficult and sometimes impossible" [internal quotation marks omitted]), cert. denied, 252 Conn. 954, 749 A.2d 1203 (2000); his claim of ineffective assistance of counsel must fail.

The appeal is dismissed with respect to any claim raised by the defendant on behalf of Book Drives; the judgment is affirmed.

In this opinion the other judges concurred.