******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

# GEORGE M. PURTILL, ADMINISTRATOR (ESTATE OF ADELMA GRENIER SIMMONS) *v.* EDWARD WERNER COOK
## (AC 42379)

Elgo, Devlin and Harper, Js.

*Syllabus*

The plaintiff, the administrator of the estate of A, sought, by way of summary process, to regain possession of certain premises occupied by the defendant. The defendant previously held a life estate in the premises but had his life estate terminated by the Probate Court. Thereafter, the plaintiff served the defendant with a notice to quit and, when the defendant failed to vacate the premises, the plaintiff initiated a summary process action. The defendant was defaulted for failure to plead and the court rendered a judgment of possession in favor of the plaintiff. The defendant filed a motion to open and an application for a stay of execution. The court denied the motion to open but granted a limited, final stay of execution for thirty days. The defendant subsequently filed a claim of exemption from eviction on behalf of C Co., as occupant of the property, which the court dismissed, and the defendant appealed to this court. *Held*:

1. The trial court did not abuse its discretion in denying the defendant's motion to open the judgment of default; the defendant failed to articulate a good defense and had not met the standard for opening a judgment pursuant to statute (§ 52-212) because he failed to demonstrate that he had been prevented by mistake, accident or other reasonable cause from making his defense and from timely filing his answer.

2. This court lacked subject matter jurisdiction over the defendant's challenge to the trial court's order granting him a limited stay because the claim was moot; subsequent to the commencement of this appeal, an automatic stay arose pursuant to statute (§ 47a-35), which was then vacated by the trial court following the plaintiff's motion to vacate because the defendant failed to provide security as set forth in § 47-35a, and this court denied the defendant's motion to stay eviction and, thus, there was no practical relief that this court could afford the defendant by reviewing his claim regarding the propriety of the limited stay granted in December, 2018; moreover, the defendant's challenge to the court's ruling granting a limited stay was procedurally improper as issues regarding a stay of execution cannot be raised on direct appeal.

3. This court lacked subject matter jurisdiction over the defendant's claim that the trial court improperly dismissed the claim of exemption for eviction that he filed on behalf of C Co. because the defendant lacked standing; the defendant was not an attorney licensed to practice law in this state and, therefore, he lacked standing to maintain any claim on behalf of C Co.

Argued November 20, 2019—officially released April 14, 2020

*Procedural History*

Summary process action brought to the Superior Court in the judicial district of Tolland, where the defendant was defaulted for failure to plead; thereafter, the court, *Macierowski, J.*, rendered a judgment of possession in favor of the plaintiff; subsequently, the defendant filed motions to open the judgment, for a stay of execution, and for exemption from eviction on behalf of a corporate occupant of the premises; thereafter, the court, *Macierowski, J.*, denied the motion to open, granted a limited, final stay of thirty days, and dismissed the claim of exemption, and the defendant appealed to this court. *Appeal dismissed in part; affirmed in part.*

*Edward W. Cook*, self-represented, the appellant (defendant).

*George M. Purtill*, with whom was *Kirk D. Tavtigian*, for the appellee (plaintiff).

*Opinion*

ELGO, J. This case concerns a summary process action commenced by the plaintiff, George M. Purtill, the successor administrator of the estate of Adelma Grenier Simmons (decedent). The self-represented defendant, Edward Werner Cook, appeals from the judgment of the trial court (1) denying his motion to open a judgment of default for failure to plead, (2) granting a limited stay of execution in his favor, and (3) dismissing a claim for exemption from eviction that he filed on behalf of "Caprilands Institute, Inc." (corporation). We affirm the judgment of the trial court denying the defendant's motion to open and dismiss the remainder of his appeal.

The record reveals the following relevant facts. The decedent previously owned real property located at 534 Silver Street in Coventry (property) that contained a residence, various outbuildings, and approximately sixty-two acres of land. The decedent died in 1997, and the defendant thereafter was appointed executor of her estate. Pursuant to the terms of her will, a charitable entity was to operate an herb farm on the property "for the improvement of public health and human life." The will also granted the defendant a life estate in the decedent's "personal residence" on the property. It further obligated the defendant to maintain the property and operate it as a charitable entity.

On September 29, 2017, the Probate Court removed the defendant as the executor of the decedent's estate pursuant to General Statutes § 45a-242, concluding that he had failed to manage the assets of the estate properly and that he was embroiled in multiple conflicts of interest, including his positions as creditor, life tenant, trustee, and executor. See *Cook* v. *Purtill*, 195 Conn. App. 828, 829, A.3d (2020). The court then appointed the plaintiff as successor administrator of the decedent's estate.

In 2018, the Probate Court concluded that the defendant had "allowed the entire property to fall into a state of disrepair, rendering it useless as a charitable entity without the infusion of a substantial amount of money. . . . [T]he estate is without any liquid assets and in fact owes a significant amount of money to various creditors. . . . [The defendant's] continued control over the entire property has rendered it impossible for the current administrator to exercise the necessary control . . . to develop it into the charitable enterprise the [decedent] had envisioned." The Probate Court further found that the life estate in question "was not an absolute grant of either title or authority. It came to him together with the obligation both to maintain the property *and* to use it for charitable purposes. [The defendant] has done neither. The court concludes that no one will be able to advance the charitable purpose as

long as [the defendant] is in the residence and has the ability to exert any control over the property." (Emphasis in original.) The Probate Court thus terminated the defendant's life estate in the personal residence on the property and authorized the plaintiff "to seek and procure whatever orders are necessary to have [the defendant] removed from the premises." The defendant appealed from that judgment to the Superior Court, which rendered a judgment of dismissal on August 27, 2018.[1]

A notice to quit possession of the property was served on the defendant on September 19, 2018. When the defendant failed to vacate the property, the plaintiff commenced this summary process action. The plaintiff thereafter filed a motion for default for failure to plead, which the court granted, and a judgment of possession was entered in favor of the plaintiff on November 21, 2018.

The defendant filed a motion to open on November 26, 2018, which stated in its entirety: "I request that the judgment in the case named above be opened because: Plaintiff filed two notices and then withdrew one and Defendant thought both were withdrawn." On that same date, the defendant filed an application for a stay of execution. The corporation then filed a claim of exemption from eviction on December 3, 2018. That filing listed the corporation as the occupant of the property and the defendant as its attorney. Following a hearing held on December 7, 2018, the court denied the defendant's motion to open and dismissed the corporation's claim of exemption. With respect to the application for a stay of execution, the court granted "a limited, final stay of execution for a period of thirty days to allow the defendant to move animals, antiques, and whatever other possessions that need to be removed from the property," subject to certain conditions. On December 12, 2018, the defendant filed the present appeal, in which he challenges the propriety of all three rulings.

I

On appeal, the defendant claims that the court improperly denied his motion to open the November 21, 2018 judgment of default for failure to plead. We disagree.

Our review of a ruling on a motion to open a default judgment is governed by the abuse of discretion standard. See *Ruddock* v. *Burrowes*, 243 Conn. 569, 571 n.4, 706 A.2d 967 (1998). "[T]he determination of whether to set aside [a] default [for failure to plead] is within the discretion of the trial court . . . and will not be disturbed unless that discretion has been abused or where injustice will result. In the exercise of its discretion, the trial court may consider not only the presence of mistake, accident, inadvertence, misfortune or other reasonable cause . . . factors such as [t]he seri-

ousness of the default, its duration, the reasons for it and the degree of contumacy involved . . . but also, the totality of the circumstances, including whether the delay has caused prejudice to the nondefaulting party." (Internal quotation marks omitted.) *Bohonnon Law Firm, LLC* v. *Baxter*, 131 Conn. App. 371, 381, 27 A.3d 384, cert. denied, 303 Conn. 902, 31 A.3d 1177 (2011). In reviewing the trial court's exercise of its discretion, we must "make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 106, 952 A.2d 1 (2008).

In its February 15, 2019 memorandum of decision, the court articulated the basis of its decision to deny the defendant's motion to open, stating: "In denying the motion to open, the court found that the defendant failed to articulate a good defense and also failed to demonstrate that he had been prevented by mistake, accident or other reasonable cause from making his defense as required by General Statutes § 52-212. Nor could the court find other reasonable cause to open the judgment. The sole defense set forth in the defendant's answer stated that he purportedly leased his life tenancy to the [corporation] but this did not provide him with a good defense to this summary process action brought against him individually based upon the termination of his life tenancy. At the hearing, the defendant's arguments once again focused on alleged errors and improprieties in the Probate Court proceedings. The defendant did not raise a defense or allege a right to occupy, separate from his life tenancy which was terminated by a final judgment not reviewable by this court. The court was also not persuaded that the plaintiff's mistaken filing of both a motion for default for failure to appear and a motion for default for failure to plead, followed by a withdrawal of the former, was such an accident or mistake as to prevent the defendant from filing a timely answer. The withdrawal clearly related to only the one motion. The filing of the motions in the first instance, put the defendant on notice of his obligation to answer the complaint. Furthermore, the defendant had appeared and actively participated in pleadings, yet still failed to timely file his answer. Accordingly, the court found that the defendant had not met the standard for opening the judgment pursuant to . . . § 52-212."

On appeal, the defendant has provided no good basis to disturb that conclusion. We therefore conclude that the court did not abuse its discretion in denying the defendant's motion to open.

II

The defendant also challenges the December 7, 2018 order of the trial court granting a limited stay of execu-

tion in his favor "for a period of thirty days to allow the defendant to move animals, antiques, and whatever other possessions that need to be removed from the property . . . ." In light of intervening circumstances that arose subsequent to the commencement of this appeal, we conclude that this claim is moot.

"Mootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties. . . . Since mootness implicates subject matter jurisdiction . . . it can be raised at any stage of the proceedings. . . . A case becomes moot when due to intervening circumstances a controversy between the parties no longer exists. . . . An issue is moot when the court can no longer grant any practical relief." (Internal quotation marks omitted.) *Statewide Grievance Committee* v. *Burton*, 88 Conn. App. 523, 529, 871 A.2d 380 (2005), aff'd, 282 Conn. 1, 917 A.2d 966 (2007). Our review of the question of mootness is plenary. *Wozniak* v. *Colchester*, 193 Conn. App. 842, 852, 220 A.3d 132, cert. denied, 334 Conn. 906, 220 A.3d 37 (2019).

The following undisputed procedural facts are relevant to this claim. Subsequent to the commencement of this appeal, the defendant filed an additional motion for a stay of execution, which the trial court denied. The defendant then filed a motion for review of that order with this court. This court granted review and vacated the trial court's order, noting that an automatic stay arose under General Statutes § 47a-35.

On January 22, 2019, the plaintiff filed a motion to vacate that automatic stay, claiming that (1) the defendant's appeal was taken solely for purposes of delay and (2) the defendant had failed to post a bond, as required under § 47a-35. The trial court held a hearing on February 1, 2019, at which the defendant acknowledged that he no longer resided at the property. In its subsequent memorandum of decision, the trial court found that "the defendant has taken an appeal solely for the purpose of delay and that the due administration of justice requires that any appellate stay be terminated." The court further found that "any prolonged stay of the November 21, 2018 judgment of possession will impede efforts to secure and care for the [property] and fulfill [the decedent's] charitable intentions. Further delay will cause continuing harm to the estate, whose property the Probate Court found the defendant neglected and squandered over the course of twenty years, undermining the Probate Court's order." In addition, the court found that the defendant had "failed to post a bond and also failed to move to set a bond or to make use and occupancy payments. Having failed to comply with the affirmative duty to provide security, as set forth in § 47a-35a, the stay of execution provided for in [that statute] does not apply." (Internal quotation

marks omitted.) The court thus granted the plaintiff's motion to terminate the automatic appellate stay.

The defendant filed a motion seeking reconsideration and reargument of that decision, which the trial court denied. The defendant then filed a motion to stay eviction with this court on March 1, 2019. By order dated March 20, 2019, this court denied the defendant's motion.

As a result, there is no practical relief that this court can afford the defendant by reviewing his claim regarding the propriety of the limited stay that the court granted in December 2018. Because it has become moot, this court lacks subject matter jurisdiction over that claim.[2]

## III

The defendant also contends that the court improperly dismissed the claim of exemption from eviction that he filed on behalf of the corporation. That claim requires little discussion.

In dismissing the claim of exemption, the court stated that it "cannot accept a pleading on behalf of a corporation from anyone other than its attorney." That ruling comports with well established precedent. As this court observed in dismissing a similar claim, "the defendant's first claim is improper because he is not an attorney and, therefore, may not raise claims on behalf of an entity or individual other than himself. Any person who is not an attorney is prohibited from practicing law, except that any person may practice law, or plead in any court of this state in his own cause. General Statutes § 51-88 (d) (2). The authorization to appear [as a self-represented party] is limited to representing one's own cause, and does not permit individuals to appear . . . in a representative capacity. In Connecticut, a corporation may not appear pro se. . . . A corporation may not appear by an officer of the corporation who is not an attorney." (Internal quotation marks omitted.) *Certo* v. *Fink*, 140 Conn. App. 740, 747 n.4, 60 A.3d 372 (2013); see also *Henderson* v. *Lagoudis*, 148 Conn. App. 330, 333 n.1, 85 A.3d 53 (2014) ("[a] nonattorney does not have authority to represent a corporation").

The defendant in the present case is not an attorney licensed to practice law in this state. He, therefore, lacks standing to maintain any claim on behalf of the corporation. Accordingly, this court lacks subject matter jurisdiction over the defendant's claim. See *J.E. Robert Co.* v. *Signature Properties, LLC*, 309 Conn. 307, 318, 71 A.3d 492 (2013) ("[w]here a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause" (internal quotation marks omitted)); *Connecticut Assn. of Boards of Education, Inc.* v. *Shedd*, 197 Conn. 554, 557, 499 A.2d 797 (1985) ("[i]f no standing exists, this court lacks jurisdiction to decide the [claim] on its merits").

The appeal is dismissed with respect to the defendant's challenge to the court's determinations regarding the stay of execution and the corporation's claim for exemption; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] The defendant did not appeal from that judgment of dismissal. Although the defendant now alleges, in both his appellate brief and at oral argument before this court, that the Probate Court acted "lawlessly," the propriety of the Probate Court proceedings is not properly before this court. See *Boisvert* v. *Gavis*, 332 Conn. 115, 137 n.11, 210 A.3d 1 (2019); *Russell* v. *Russell*, 61 Conn. App. 106, 107 n.1, 762 A.2d 523 (2000).

[2] We further note that the defendant's challenge to the court's ruling on his application for a stay of execution is procedurally improper. As this court has explained, "[p]ursuant to Practice Book § 61-14, [t]he sole remedy for any party desiring the court to review an order concerning a stay of execution shall be by motion for review under Section 66-6. Issues regarding a stay of execution cannot be raised on direct appeal." (Internal quotation marks omitted.) *Chief Disciplinary Counsel* v. *Rozbicki*, 150 Conn. App. 472, 486 n.10, 91 A.3d 932, cert. denied, 314 Conn. 931, 102 A.3d 83 (2014).