******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# HSBC BANK USA, NATIONAL ASSOCIATION, TRUSTEE *v.* HOWARD I. GILBERT ET AL.
## (AC 42599)

Alvord, Keller and Elgo, Js.

*Syllabus*

The plaintiff, which had been assigned a note secured by a mortgage on certain real property owned by the defendants, commenced this action to foreclose that mortgage. The defendants filed an answer, in which they admitted that they owned the property but denied that they were in default, and special defenses, alleging, inter alia, that the plaintiff had failed to provide them with proper notice of the acceleration of the debt. The plaintiff filed a motion for summary judgment as to liability only, claiming that there were no genuine issues as to any material fact alleged in its complaint and appended documentation that included an affidavit from R, a contract management coordinator with O Co., the plaintiff's mortgage loan servicer and holder of the note. R attested, inter alia, that the note and mortgage were in default and that notice of the default, a copy of which was attached as an exhibit to her affidavit, had been given to the defendants. During argument on the summary judgment motion, the plaintiff's counsel stated that, when the exhibit was electronically filed with the court, a scanning error occurred that resulted in the exclusion from the exhibit of certain documents necessary to demonstrate the plaintiff's compliance with the notice requirements of the mortgage. Thereafter, the defendants filed an objection to the plaintiff's summary judgment motion, asserting that genuine issues of material fact existed because R's affidavit did not comply with the applicable rule of practice (§ 17-46) and constituted inadmissible hearsay. The defendants alleged, inter alia, that R's affidavit did not identify which entity's business records she was familiar with and could testify to pursuant to *Jenzack Partners, LLC* v. *Stoneridge Associates, LLC* (183 Conn. App. 128). The defendants further claimed that R's affidavit failed to establish that the plaintiff sent to them proper notice of the default and instructions to cure the default and a date by which the default had to be cured. Prior to argument on the summary judgment motion, the plaintiff filed a supplemental affidavit from H, a different contract management coordinator with O Co. H averred, inter alia, that she had personal knowledge of the transactions at issue and the manner in which the business records that related to the servicing of the defendants' mortgage loan were created. A copy of the notice of default was attached to H's affidavit. The trial court overruled the defendants' objection and granted the plaintiff's motion for summary judgment as to liability only. Thereafter, the court rendered judgment of foreclosure by sale, from which the defendants appealed to this court. *Held*:

1. The defendants could not prevail on their claim that the trial court erred in granting the plaintiff's motion for summary judgment because there was no evidence from which the court could have determined which of the two notices attached to the affidavits of R and H was sent to the defendants and that the existence of the two affidavits, one of which had a defective notice attached to it, created a genuine issue of material fact as to whether the defendants received proper notice of default and acceleration: the trial court declined to transform the consequence of a scanning error into a genuine issue of material fact, the plaintiff's counsel having explained at the hearing on the summary judgment motion that the documentation attached to the affidavits of R and H was intended to be the same and that R's affidavit was supplemented because important pages from the notice of default and acceleration were inadvertently excluded from R's affidavit because of the scanning error; moreover, the court did not err when it relied in part on the representations of the plaintiff's counsel as to facts that related to an error in conjunction with electronic filing, as it could not be said that counsel attempted to present testimony that concerned disputed facts related to the foreclosure action.

2. The trial court did not err in relying on the affidavits of R and H in

granting the plaintiff's summary judgment motion, as the affiants' employment status with O Co. was sufficient to demonstrate that they were competent to aver to the facts contained in their affidavits, and there was no requirement in the law or the rules of practice that averments need to be supported by documentary evidence; moreover, the plaintiff submitted admissible evidence to the court that established that the loan was in default, that the plaintiff was the holder of the note and record holder of the mortgage, and that a valid notice of default and acceleration had been sent to the defendants, who offered no evidence to refute that showing.

3. This court found unavailing the defendants' claim that the trial court incorrectly rendered judgment of foreclosure, which was based on the defendants' assertion that the plaintiff's affidavit of debt did not comply with the holding of *Jenzack Partners, LLC,* because the affiant lacked personal knowledge as to the starting balance of the debt: the record did not suggest, as the defendants claimed, that the plaintiff relied on a hearsay source as to the starting balance of the defendants' debt, as the affiant attested that she relied on records of data compilations that related to the loan, there was no evidence that she relied on business records from a third party, and the defendants never raised a defense that was sufficient to prohibit the admission of the affidavit of debt pursuant to the applicable rule of practice (§ 23-18 (a)); moreover, even if Practice Book § 23-18 (a) was inapplicable, the defendants' reliance on *Jenzack Partners, LLC,* was unavailing, as our Supreme Court reversed in part this court's judgment in *Jenzack Partners, LLC,* and held that the entirety of the record of debt owed on a promissory note was admissible under the business records exception to the hearsay rule when that record is maintained by the lender's assignee and incorporated into the initial business entry that the lender provided to the assignee.

Argued March 11—officially released September 22, 2020

*Procedural History*

Action to foreclose a mortgage on certain of the defendants' real property, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the court, *Genuario, J.,* granted the plaintiff's motion for summary judgment as to liability; thereafter, the court rendered judgment of foreclosure by sale, from which the defendants appealed to this court. *Affirmed.*

*James R. Winkel,* for the appellants (defendants).

*Marissa I. Delinks,* for the appellee (plaintiff).

*Opinion*

KELLER, J. The defendants Howard I. Gilbert and Mary S. Gilbert[1] appeal from the judgment of foreclosure by sale rendered by the trial court in favor of the plaintiff, HSBC Bank USA, National Association, as Trustee for Fremont Home Loan Trust 2005-E, Mortgage-Backed Certificates, Series 2005-E. On appeal, the defendants claim that the court erred in granting the plaintiff's motion for summary judgment as to liability only (1) because the plaintiff failed to establish that there was no genuine issue of material fact as to whether it sent proper notice of default and acceleration to the defendants, (2) because the plaintiff's affidavits submitted to the court in support of the motion failed to satisfy the requirements of Practice Book § 17-46, and (3) despite the fact that the plaintiff's affiants failed to establish that they had personal knowledge of the facts that were the subject of the affidavits,[2] and that the court erred in rendering judgment of foreclosure by sale because the plaintiff's affidavit of debt was insufficient to demonstrate the amount of debt due on the subject note. We disagree and, thus, affirm the judgment of the trial court.

The following undisputed facts and procedural history are relevant to the resolution of this appeal. On November 7, 2005, Howard Gilbert executed a promissory note to Fremont Investment and Loan (Fremont) in the amount of $720,000. To secure his repayment of the loan, Howard Gilbert executed a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Fremont, on the property located at 245 Pepper Ridge Road in Stamford (property). The mortgage was recorded on the Stamford land records on November 14, 2005. On December 13, 2016, MERS, as nominee for Fremont, assigned the mortgage to the plaintiff.

Thereafter, on February 6, 2017, the plaintiff commenced this foreclosure action by seeking to foreclose that mortgage. Following an unsuccessful mandatory mediation, the plaintiff filed an amended complaint on August 22, 2018, alleging, inter alia, that the note and mortgage were in default for nonpayment of the monthly installments of principal and interest due on June 1, 2016, and anytime thereafter. On September 13, 2018, the defendants filed an answer and special defenses in which they admitted their ownership of the property and denied that they were in default. The defendants also alleged the following special defenses: (1) the plaintiff failed to provide proper notice of acceleration of the debt; (2) the plaintiff does not have standing to bring the action; (3) the plaintiff failed to plead properly the necessary elements for a foreclosure action; and (4) the plaintiff lacks the authority to prosecute the action.

On October 12, 2018, the plaintiff filed a motion for

summary judgment as to liability, claiming that there was no genuine issue of material fact regarding the allegations in the complaint and, therefore, it was entitled to judgment as a matter of law. In support of its motion, the plaintiff argued that the defendants had admitted their ownership and possession of the premises, it is the party entitled to collect the debt to enforce the note and the mortgage, and the conditions precedent to foreclose the mortgage had been satisfied. Moreover, the plaintiff asserted that the defendants' special defenses do not preclude the entry of summary judgment because the plaintiff's affidavit affirmed that notice was sent and that the plaintiff had standing to bring the present action. Attached as exhibits to its motion were a copy of the mortgage and assignment to the plaintiff, the note, the notice of default, and an affidavit from Flora V. Rashtchy, a contract management coordinator of Ocwen Loan Servicing (Ocwen). In her affidavit, Rashtchy attested that Ocwen is the plaintiff's mortgage loan servicer and that, in her position, she was authorized to make the affidavit and had personal knowledge of the facts and matters in the document. She further attested that the note and mortgage on the property were in default as of June 1, 2016, that the plaintiff was entitled to collect the debt, and that the notice of default, a copy of which was attached as an exhibit to her affidavit, had been given to the defendants on July 27, 2016. According to the plaintiff's counsel, when the exhibit was electronically filed with the court, a scanning error occurred that resulted in certain documents, necessary to demonstrate the plaintiff's compliance with the notice requirements of the mortgage, being excluded from the exhibit. Specifically, the exhibit failed to include a letter that identified the action required to cure the default and included only the amount due. Additionally, the exhibit failed to include a letter that (1) identified a date, not less than ten days from the date the notice was given to the defendants, by which the default must be cured, and (2) informed the defendants that failure to cure the default on or before the specified date in the notice may result in acceleration of the sums secured by the mortgage or the sale of the property. The exhibit also failed to include a letter that informed the defendants of their right to reinstate after acceleration and the right to assert in court the nonexistence of a default or any other defense against acceleration and foreclosure or sale.

Thereafter, the defendants filed an objection to the plaintiff's motion for summary judgment and argued that genuine issues of material fact existed because Rashtchy's affidavit did not comply with Practice Book § 17-46 and constituted inadmissible hearsay. Specifically, the defendants argued that the affidavit was insufficient because (1) it was not accompanied by other documentation to validate Rashtchy's claim that Ocwen is the plaintiff's loan servicer, (2) it failed to establish

that she was competent to attest to the matters set forth in her affidavit, and (3) it did not identify which entity's particular business records she was familiar with and could testify to, pursuant to *Jenzack Partners, LLC* v. *Stoneridge Associates, LLC*, 183 Conn. App. 128, 192 A.3d 455 (2018), rev'd in part, 334 Conn. 374, 222 A.3d 950 (2020). Last, the defendants argued that the court should not render summary judgment in this matter because Rashtchy's affidavit failed to establish that the plaintiff sent notice of default that was compliant with the notice requirements of the mortgage, the plaintiff failed to provide instructions that explained the action that was required to cure the default, and the plaintiff failed to provide a date by which the default had to be cured.

On December 5, 2018, the plaintiff filed a supplemental affidavit in support of its motion for summary judgment signed by Anel Hernandez, a different contract management coordinator with Ocwen. Like Rashtchy, Hernandez attested that Ocwen is the plaintiff's mortgage loan servicer, that she was authorized to make the affidavit, and that she had personal knowledge of the facts and matters stated in the affidavit. Hernandez further attested that, in the regular performance of her job responsibilities, she "has access to and [is] familiar with the business records . . . relating to the servicing of the mortgage loan at issue in this foreclosure action . . . ." Additionally, she attested that she had personal knowledge of the transactions at issue and the manner in which the business records were created. She also reiterated that the note and mortgage were in default as of June 1, 2016, that the plaintiff was entitled to collect the debt, and that notice of default, a copy of which was attached to the affidavit as exhibit A-2, had been given to the defendants on July 27, 2016.

On December 10, 2019, the court held a hearing on the plaintiff's motion for summary judgment. In support of its position, the plaintiff reiterated its argument that the two affidavits satisfied the business record exception to the hearsay rule. See General Statutes § 52-180; Conn. Code Evid. § 8-4 (a). The plaintiff's counsel, in arguing the motion, also explained that, when the plaintiff first submitted Rashtchy's affidavit, "there was some kind of scanning error" and that the plaintiff submitted the second affidavit in order to provide a more complete record of the notice sent to the defendants. In response, the defendants argued that the filing of the second affidavit raised an issue of fact because the second affidavit failed to explain why the first affidavit was not accurate.

In granting the plaintiff's motion for summary judgment, the court order stated that, "[t]he motion for summary judgment having been heard, it is hereby found that no genuine issue of material fact as to liability or damages exists. . . . [Howard Gilbert] in his objection raises two important issues. The first relates to

the admissibility of the plaintiff's affidavit under the business records rule. The defendant claims that the affidavit contains inadmissible hearsay, and the defendant may have a valid point based on the holding in *Jenzack Partners, LLC* v. *Stoneridge Associates, LLC*, [supra, 183 Conn. App. 128]. However, parts of the affidavit, and particularly those parts necessary to establish the default, are admissible under the business records rule. The affidavit includes statements by the affiant that [Howard Gilbert] has failed to make payments each and every month in breach of his obligations under the note up until the present time. The affiant is an employee of the current servicer of the loan and familiar with those current records. The affidavit establishes her familiarity with the current business records and that they were made in the ordinary course of business of the affiant's employer. That is sufficient to establish that [Howard Gilbert] is in default and has been since the current servicer acquired its responsibilities. [Howard Gilbert] has offered nothing to contradict the evidence that he is in default. This is a motion for summary judgment as to liability only, and the issue of the precise amount the defendant owes is therefore beyond the scope of this motion. The reasonable hearsay issues raised by defense counsel relate to the precise amount owed and the admissibility of that conclusion contained in the affidavit based on information that may have been provided to the current servicer, which as yet may not comply with the business records rule. However, based on the clearly admissible portions of the affidavit and [Howard Gilbert's] failure to rebut the same, there is no genuine issue of material fact that [he] is in default.

"The second issue [Howard Gilbert] raises is the issue of compliance with the provisions of the loan documents requiring notice of default, notice of acceleration, and notice of how to cure the default. In its supplemental affidavit, filed on December 5, 2018, the plaintiff provided by way of affidavit a copy of the notice it had sent to [Howard Gilbert]. That notice complies with the requirements of the loan documents. At oral argument, [Howard Gilbert] did not request additional time to respond to the December 5 affidavit. That affidavit and its exhibits [establish] that there is no genuine issue of material fact . . . concerning compliance with the applicable notice provisions. Accordingly, the motion for summary judgment as to liability only [is granted]. The plaintiff is on notice, however, that in moving for final judgment it must submit evidence (whether by affidavit or testimony) that complies with the holding of *Jenzack Partners, LLC*."

Following the granting of the plaintiff's motion for summary judgment, the defendants filed a motion for reconsideration, arguing that the court "failed to address the genuine issue of material fact as to the [two] different notices of default which [were] offered as true and accurate copies of the notices sent [to] the defendants."

The plaintiff objected to the motion. On January 16, 2019, the court denied the defendants' motion, stating that "[t]he revised affidavit provides all the necessary elements to support the entry of summary judgment, and the defendants have provided nothing to rebut the facts and exhibits set forth in that affidavit. Nor [have] the [defendants] provided anything to rebut the quite credible statement of [the] plaintiff that the difference between the exhibit attached to the original affidavit and the revised affidavit was the result of anything other than a scanning/clerical error. To suggest that a clerical error cannot be corrected in a revised affidavit is to exalt form over substance. Nor in requesting reargument [have] the [defendants] provided anything meaningful to cast doubt on the statement of the plaintiff that the revision was filed to correct a clerical error." Following the court's denial of the defendants' motion for reconsideration, the plaintiff submitted a preliminary statement of debt, a foreclosure worksheet, an affidavit of debt, an oath of appraisers, and an appraisal. Thereafter, the court rendered judgment of foreclosure by sale.[3] This appeal followed.

I

The defendants first claim that the court erred in granting the motion for summary judgment because the plaintiff failed to establish that there was no genuine issue of material fact as to whether it sent proper notice of default and acceleration to the defendants. Specifically, the defendants claim that a genuine issue of material fact existed because, when the plaintiff filed the supplemental affidavit, the court, in effect, had before it inconsistent affidavits that were executed by two different employees of Ocwen authenticating different notices of default and acceleration, one of which was clearly defective. Additionally, the defendants argue that the trial court incorrectly relied on the statement of the plaintiff's counsel explaining the clerical error rather than on evidence. We disagree.

We begin with our standard of review. "Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. . . . When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material fact which, under applicable principles of substantive law,

entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . This court's review of a trial court's decision to grant a motion for summary judgment is plenary." (Citations omitted; internal quotation marks omitted.) *Wells Fargo Bank, N.A.* v. *Caldrello*, 192 Conn. App. 1, 19, 219 A.3d 858, cert. denied, 334 Conn. 905, 220 A.3d 37 (2019).

The defendants argue that summary judgment should not have been rendered because a genuine issue of material fact existed. Specifically, they claim that because there was no evidence from which the court could have determined which of the two notices was sent to the defendants, the existence of the two affidavits, one of which attached a defective notice, created a genuine issue of material fact as to whether the defendants ever received proper notice of default and acceleration. The plaintiff's attorney, however, explained to the court at the hearing on the motion for summary judgment that the documentation attached to the first affidavit and to the second affidavit was intended to be the same, that the first affidavit was supplemented because a scanning error had occurred when he electronically filed the documentation with the court, and that the scanning error caused the inadvertent exclusion of important pages from the notice of default and acceleration. Additionally, the plaintiff reiterated this scanning error in its objection to the defendants' motion to reargue, explaining that the two affidavits attach "the same exact letter with identical tracking information, except that the second [affidavit] does not have the same error in scanning." (Emphasis omitted.) The supplemental affidavit of Hernandez, provided by the plaintiff, was properly before the court, and it showed that the plaintiff sent all of the necessary information prior to the commencement of the foreclosure action. As the trial court stated, "[t]o suggest that a clerical error cannot be corrected in a revised affidavit is to exalt form over substance." Like the trial court, we decline the defendants' invitation to transform the consequence of a scanning error incident to filing an affidavit into a genuine issue of material fact under the circumstances of this case.

Additionally, the defendants claim that the court erred in granting the plaintiff's motion for summary judgment because it based its determination as to whether the defendants were provided with a proper notice of default and acceleration, in part, on statements of the plaintiff's counsel during the December 10, 2018 hearing on the motion for summary judgment, rather than on evidence, in making its determination. Specifically, the defendants argue that the court committed reversible error when it relied on a statement made by the plaintiff's counsel to the court that "there was some kind of scanning error" because that statement was

not admissible evidence. The defendants argue that the court could not rely on this statement because the plaintiff's counsel was not under oath, the statement did not constitute evidence, and the plaintiff's counsel failed to establish that he had personal knowledge as to why two different notices of default were provided to the court. Our precedent, however, undermines the defendants' argument. "[I]t long has been the practice that a trial court may rely upon certain representations made to it by attorneys, who are officers of the court and bound to make truthful statements of fact or law to the court." (Internal quotation marks omitted.) *Maio* v. *New Haven*, 326 Conn. 708, 729, 167 A.3d 338 (2017); see also *Equity One, Inc.* v. *Shivers*, 310 Conn. 119, 132–33, 74 A.3d 1225 (2013) (reliance on counsel's representation was proper because counsel is officer of court); *Certo* v. *Fink*, 140 Conn. App. 740, 752–53, 60 A.3d 372 (2013) (trial court properly relied on representations of plaintiff's counsel that he provided defendant with requested documents). Here, it cannot be said that counsel, by means of his representations, was attempting to present testimony concerning disputed facts related to the action but, rather, counsel was presenting facts related to an error that occurred during the litigation itself, in conjunction with electronic filing. In consideration of applicable precedent, we conclude that the trial court did not err when it relied, in part, on the statement of the plaintiff's counsel in granting the motion for summary judgment.

## II

The defendants next claim that the trial court erred in granting the plaintiff's motion for summary judgment because the plaintiff's affidavits failed to satisfy the requirements of Practice Book § 17-46. Specifically, the defendants argue that the affidavits failed to satisfy the business records exception to the hearsay rule because neither affiant worked for the plaintiff; the original note owner, Fremont; or the original mortgage holder, MERS. The defendants argue, moreover, that the affiants did not provide any documentation to prove that they were authorized to testify for the plaintiff, that they were competent to testify, or that they had personal knowledge of the facts contained in their affidavits. Essentially, the defendants argue that the court, in granting the motion for summary judgment, relied on inadmissible evidence. We disagree.

In part I of this opinion, we set forth the standard of review governing a trial court's granting of a motion for summary judgment. "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment. . . . Practice Book § 17-46 provides in relevant part that affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to

the matters stated therein. . . . See, e.g., *12 Havemeyer Place Co., LLC* v. *Gordon*, 93 Conn. App. 140, 157, 888 A.2d 141 (2006) (explaining that affidavit [that] does not contain admissible evidence as required by our rules of practice . . . is therefore insufficient to oppose a motion for summary judgment). Moreover, affidavits must be accompanied by [s]worn or certified copies of all papers or parts thereof referred to in an affidavit . . . . Practice Book § 17-46.

"Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. . . . Unless subject to an exception, hearsay is inadmissible. . . . If the proffered evidence consists of business records, the court must determine whether the documents satisfy the modest requirements under § 52-180 to admit them under the business records exception to the hearsay rule." (Citations omitted; footnotes omitted; internal quotation marks omitted.) *Midland Funding, LLC* v. *Mitchell-James*, 163 Conn. App. 648, 655, 137 A.3d 1 (2016).

"To admit evidence under the business record exception to the hearsay rule, a trial court judge must first find that the record satisfies each of the three conditions set forth in . . . § 52-180. The court must determine, before concluding that it is admissible, that the record was made in the regular course of business, that it was in the regular course of such business to make such a record, and that it was made at the time of the act described in the report, or within a reasonable time thereafter. . . . To qualify a document as a business record, the party offering the evidence must present a witness who testifies that these three requirements have been met." (Internal quotation marks omitted.) Id., 656. Additionally, "business records may be authenticated by the testimony of one familiar with the books of the concern, such as a custodian or supervisor, who has not made the record or seen it made, that the offered writing is actually part of the records of business." (Internal quotation marks omitted.) *Customers Bank* v. *Tomonto Industries, LLC*, 156 Conn. App. 441, 450, 112 A.3d 853 (2015).

In support of its motion for summary judgment, the plaintiff submitted certified copies of the mortgage and the assignment to the plaintiff. Additionally, the plaintiff submitted an affidavit from Rashtchy, a contract management coordinator of Ocwen. In her affidavit, Rashtchy averred that she is authorized to make the affidavit, that she is familiar with the business records maintained by the plaintiff, which records were made and are maintained in the regular and usual course of business, that she had personal knowledge of the manner in which the records are created, and that she had reviewed and relied on the records in making her affidavit. More specifically, Rashtchy stated that, on November 7, 2005, the defendants owed Fremont $720,000 plus interest as

evidenced by a promissory note. She further stated that, prior to the commencement of this foreclosure action, the plaintiff became the party entitled to collect the debt evidenced by the note and is the party entitled to enforce the mortgage securing the debt. She explained that the unpaid balance of the note was $217,786.82 plus interest from May 1, 2016, which increased the principal balance to a total of $496,300. As a consequence of nonpayment, Rashtchy explained, the note and mortgage were in default and the plaintiff had exercised its option to declare the entire balance of the note due. Last, Rashtchy stated that notice of default was given to Howard Gilbert on July 27, 2016, and that the default was not cured. The second affidavit, attested to by Hernandez, set forth the same information in substance as was set forth in Rashtchy's affidavit.

After a careful review of the affidavits, we conclude that the affiants' employment status with Ocwen, which was the servicer of the loan and holder of the note endorsed in blank, was sufficient to demonstrate that they were competent to aver to the facts contained in their affidavits—there is no requirement in the law or the rules of practice that averments need to be supported by documentary exhibits attached thereto. Therefore, we conclude that the plaintiff submitted admissible evidence to the court that established that the loan was in default, that the plaintiff is the holder of the note and the record holder of the mortgage, that a valid notice of default and acceleration was sent to the defendants, and that the defendants have offered no evidence to refute this showing. Accordingly, the trial court did not err in relying on the affidavits in granting the motion for summary judgment.

### III

Finally, the defendants argue that the court incorrectly rendered judgment of foreclosure because the plaintiff's affidavit of debt did not comply with the holding in *Jenzack Partners*, *LLC* v. *Stoneridge Associates*, *LLC*, supra, 183 Conn. App. 128. Specifically, the defendants contend that the affidavit of debt that the plaintiff submitted in support of the judgment of foreclosure was inadmissible hearsay because the starting balance of the debt was provided by an entity other than Ocwen, and, thus, the affiant had no personal knowledge as to the starting balance.[4] In response, the plaintiff argues that judgment of foreclosure was correctly rendered pursuant to Practice Book § 23-18. We agree with the plaintiff.

The following facts and procedural history are necessary for the resolution of this issue. On January 24, 2019, the plaintiff submitted an affidavit of debt. The affiant for the affidavit of debt, Rashtchy, attested that she was a contract management coordinator of Ocwen, the loan servicer for the plaintiff, and that, as such, she is authorized to make the affidavit, that she is familiar

with the business records maintained by the plaintiff, which records were made and are maintained in the regular and usual course of business, that she had personal knowledge of the manner in which the records are created, and that she had reviewed and relied on the records in making her affidavit.

Thereafter, on January 28, 2019, the court heard argument on the plaintiff's motion for a judgment of strict foreclosure. During the hearing, counsel for the defendants argued that the motion for a judgment of foreclosure should not proceed because the affidavit of debt provided to the court by the plaintiff was "insufficient" and cited to *Jenzack Partners, LLC*. The defendants, in support of their argument, explained that the court, in granting the plaintiff's motion for summary judgment, had stated that *Jenzack Partners, LLC*,[5] was applicable to the matter but that there was enough evidence for the court to find default. The court, however, further stated that the plaintiff would have to satisfy the requirements of *Jenzack Partners, LLC*, in order to foreclose the mortgage. On the basis of the court's statement, counsel for the defendants argued that the affidavit of debt is essentially the same affidavit provided to the court during the summary judgment phase, and, thus, the information necessary for the court to render judgment of foreclosure remained insufficient. In response, the plaintiff argued that the requirements of *Jenzack Partners, LLC*, are inapplicable in the present matter. Additionally, the plaintiff argued that the present circumstances are similar to the circumstances in *Bank of America, N.A.* v. *Chainani*, 174 Conn. App. 476, 484, 166 A.3d 670 (2017), and, thus, the affidavit of debt is admissible pursuant to Practice Book § 23-18. In support of its position, the plaintiff noted that the defendants have not contested the amount of the debt, and, rather, have merely stated that the affidavit of debt is insufficient—which is inadequate to overcome the *Chainani* requirements. Thereafter, the court reviewed the original note, the original mortgage, and the certified assignment, and found that the plaintiff is the holder of the note and the assignee of the mortgage. Additionally, the court found that the affidavit of debt complied with Practice Book § 23-18 (a).

We begin with the standard of review. "A trial court's decision to admit evidence, if premised on a correct view of the law . . . calls for the abuse of discretion standard of review. . . . In other words, only after a trial court has made a *legal determination* that a particular statement . . . is subject to a hearsay exception . . . is it [then] vested with the discretion to admit or to bar the evidence based upon relevancy, prejudice, or other legally appropriate grounds related to the rule of evidence under which admission is being sought." (Citations omitted; emphasis altered; internal quotation marks omitted.) *Midland Funding, LLC* v. *Mitchell-James*, supra, 163 Conn. App. 653. "Therefore, a trial

court's legal determination of whether Practice Book § 23-18 (a) applies is a question of law over which our review is plenary." *Bank of America, N.A.* v. *Chainani, supra,* 174 Conn. App. 484.

Practice Book § 23-18 provides in relevant part: "(a) In any action to foreclose a mortgage where no defense as to the amount of the mortgage debt is interposed, such debt may be proved by presenting to the judicial authority the original note and mortgage, together with the affidavit of the plaintiff or other person familiar with the indebtedness, stating what amount, including interest to the date of the hearing, is due, and that there is no setoff or counterclaim thereto. . . ."

Additionally, our case law is clear that "a defense challenging the amount of the debt must be actively made in order to prevent the application of [Practice Book] § 23-18 (a). [A] mere claim of insufficient knowledge as to the correction of the amount stated in the affidavit of debt is not a defense for purposes of [§ 23-18 (a)]. . . .

"A defense, however raised, must be squarely focused on the amount of the debt rather than other matters that are ancillary to the amount of the debt, such as whether the loan is in default, which is a matter of liability, or challenges that attack the credibility of the affiant or defects in the execution of the affidavit itself. . . .

"The pleadings that the defendant characterizes as challenges to the amount of the debt simply are not defenses to the amount of the debt. Regarding [a] claim of insufficient knowledge to admit or deny the amount of the debt, the case law is clear that this is not a defense to the debt sufficient to bar application of Practice Book § 23-18 (a)." (Citations omitted; internal quotation marks omitted.) *Bank of America, N.A.* v. *Chainani, supra,* 174 Conn. App. 486–87.

The defendants' claim is unpersuasive. The defendants, in their brief, argue that the plaintiff improperly relied on a hearsay source, but they do not identify this alleged hearsay source. Moreover, the record does not suggest that the plaintiff relied on a hearsay source. In the affidavit of debt submitted by the plaintiff, the affiant attested that she relied on records of data compilations of transactions that related to the loan, which very well may be the plaintiff's own records. There is no evidence in the record that the affiant relied on business records from a third party. Moreover, the defendants never raised a defense to the amount of the debt sufficient to prohibit the admission of the affidavit of debt under Practice Book § 23-18 (a). As *Chainani* explained, an answer of insufficient knowledge is not a sufficient defense that would bar the application of § 23-18 (a). See *Bank of America, N.A.* v. *Chainani, supra,* 174 Conn. App. 487. Accordingly, we conclude

that the court did not err in its legal determination that the requirements of § 23-18 (a) apply as an exception to the hearsay rule in this case.

In the event, however, that the requirements of Practice Book § 23-18 (a) did not apply as an exception to the hearsay rule, such information would be admissible pursuant to *Jenzack Partners, LLC* v. *Stoneridge Associates, LLC*, 334 Conn. 374, 222 A.3d 950 (2020). In the defendants' principal brief, they argue that the affidavit of debt submitted by the plaintiff to support the judgment of foreclosure was inadmissible hearsay because the starting balance of the debt was provided by an entity other than Ocwen, and, thus, the affiant had no personal knowledge of the starting balance. Our Supreme Court, however, has since reversed in part the judgment of the Appellate Court in *Jenzack Partners, LLC*, supra, 183 Conn. App. 128. Specifically, contrary to this court's holding, on which the defendants rely, our Supreme Court held in *Jenzack Partners, LLC*, that the record of debt owed on the promissory note, which was maintained by the lender's assignee and incorporated into the initial business entry that the lender had provided to the assignee, was admissible under the business records exception to the hearsay rule.[6] *Jenzack Partners, LLC* v. *Stoneridge Associates, LLC*, supra, 334 Conn. 388–90. Our Supreme Court provided its rationale pertaining to the reliability of the information, and it stated that, "[b]y relying on information from a third party, an entity stakes not only its livelihood on the accuracy of the information received but also its reputation as being a trustworthy entity with which to do business in the future." Id., 392.

In the event that the plaintiff relied on the starting balance of the debt from a third party and incorporated the amount due on the note into its business records, our Supreme Court in *Jenzack Partners, LLC*, explained that the incorporation of those documents is sufficient to establish that the entirety of the plaintiff's record of debt owed on the note, including the initial entry, is admissible as a business record.

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.

In this opinion the other judges concurred.

[1] Although they were also named as defendants, the Department of Revenue Services, and the United States Department of the Treasury, Internal Revenue Service, are not parties to this appeal.

Throughout this opinion we refer to Howard Gilbert and Mary Gilbert individually by name where necessary and collectively as the defendants.

[2] The defendants' second and third claims raise materially similar issues concerning the affidavits and, thus, we consider them together in part II of this opinion.

[3] In the interest of procedural clarity, it necessary to set forth some additional procedural history. On July 10, 2017, the plaintiff filed a motion for a judgment of strict foreclosure. On July 14, 2017, the defendants filed an objection to the plaintiff's motion for a judgment of strict foreclosure on the ground that it was premature because no default or summary judgment had been rendered against the defendants, and the defendants were participating in mediation. The court sustained the defendants' objection on the

ground that the plaintiff's motion for a judgment of strict foreclosure was premature. It was not until after the court granted the plaintiff's motion for summary judgment and the plaintiff submitted the necessary foreclosure documents previously mentioned that the court rendered judgment of foreclosure by sale.

[4] The defendants' argument, however, presumes that the affiant relied on documentation from a third party in calculating the starting balance of the note. That presumption, however, is not supported by evidence in the record. We will present in this opinion a more robust discussion of this point.

[5] In *Jenzack Partners, LLC*, the plaintiff presented a witness at trial to establish the amount of the debt due on the note. *Jenzack Partners, LLC* v. *Stoneridge Associates, LLC*, supra, 183 Conn. App. 141. The witness admitted during voir dire that his knowledge of the starting balance due on the note, as reflected in the exhibit the plaintiff was trying to introduce into evidence, came from data provided by the prior lender when the plaintiff purchased the loan. Id. The trial court admitted the exhibit over the defendant's hearsay objection. Id., 140–41. The Appellate Court reversed in part the judgment of strict foreclosure, finding that a business record introduced as evidence to establish the starting balance of the debt due on a note, which the testifying witness acknowledged was made on records received, rather than made, failed to satisfy § 52-180 and was inadmissible hearsay. Id., 143. We will present in this opinion a fuller discussion of *Jenzack Partners, LLC*.

[6] "If part of the data was provided by another business, as is often the case with loan records in connection with the purchase and sale of debt, the proponent does not have to lay a foundation concerning the preparation of the data it acquired but must simply show that these data became part of its own business record as part of a transaction in which the provider had a business duty to transmit accurate information." *Jenzack Partners, LLC* v. *Stoneridge Associates, LLC*, supra, 334 Conn. 391.

———————————————